## MORTON BROTMAN v. ARTHUR R. McNAMARA
## SAME v. JACOB LEVIN AND BENJAMIN LEVIN
## SAME v. MERRILL EPPES

[Nos. 58-60, October Term, 1942.]

*Decided December 7, 1942.*

The cause was argued before BOND, C. J., SLOAN, JOHNSON, DELAPLAINE, COLLINS, MARBURY, and GRASON, JJ.

*Joseph Sherbow,* with whom were *Paul L. Cordish* and *Solomon Liss* on the brief, for the appellant.

*Harry Troth Gross,* with whom was *Campbell L. Stirling* on the brief, for the appellee McNamara.

*Foster H. Fanseen* and *Philip S. Ball* for the appellee Levin.

*Harry K. Lott* for the appellee Eppes.

JOHNSON, J., delivered the opinion of the Court.

As a result of a collision on Park Heights Avenue in Baltimore City on November 5, 1941, at 2.30 o'clock P. M., suit was brought by the appellee, McNamara, against Brotman. After filing the general issue plea, Brotman filed a petition under Chapter 344 of the Acts of 1941 (adding Sections 21-29 to Article 50, Code, 1939), asking for leave to serve a summons on Eppes and Jacob Levin and Benjamin Levin. An order was passed grant-

ing the prayer of this petition and subsequently Brotman filed a pleading as third-party plaintiff against the three defendants brought into the case on his petition, in which pleading it was alleged the third-party defendants were solely responsible for the collision. To his pleading, each of the third-party defendants filed the general issue plea.

By directed verdicts, the case was withdrawn from the consideration of the jury as to the third-party defendants, and Brotman's motion for a directed verdict in his favor having been overruled, and the verdict being against him, he brings these appeals.

The collision occurred in the north lane of the 3600 block of Park Heights Avenue in Baltimore City. McNamara was driving a Ford sedan in the north lane of the avenue, following the automobile of Eppes. Ahead of both of them was the Levin truck, which had been parked parallel to the curb, but was being maneuvered out into traffic. When McNamara first saw the truck he was about 100 feet to the rear of it and approximately one and one-half car lengths behind Eppes. The truck was then on an angle of about forty-five degrees with the curb and McNamara testified he thought there was insufficient room for the Eppes car to pass the truck in its then position, so he applied his brakes and reduced his speed, which was then about twenty miles per hour, at the same time signalling traffic behind him by extending his left arm out the window. McNamara testified he had his car under perfect control at all times and that his rear signal lights were in good condition just prior to the collision.

Eppes' car and the truck collided, but McNamara brought his car to a stop about four or five feet behind Eppes'. The cab, owned by the appellant, then struck the back of McNamara's car, driving it forward into that of Eppes'. In addition to damage to his automobile, McNamara claimed damages for personal injuries and loss of earnings.

Although Eppes testified there were two impacts against the rear of his car after he struck Levin's truck,

Jacob Levin, the truck driver, testified he was sure the Eppes and McNamara cars did not touch each other until the cab collided with the latter. The operator of the taxicab did not testify.

The appellant has abandoned all but his 8th, 9th, 10th, 11th, 12th, 13th, 14th, 15th, 18th and 19th exceptions and all of these relate to the prayers and the oral instructions given by the court. The 8th and 9th relate to the directed verdict in favor of the Levins and the 10th, 11th and 12th to like action as to Eppes.

The appellant argues that the plaintiff was permitted to choose the defendant he wanted to hold and by limiting his testimony to that defendant, has defeated the purpose of the Uniform Contribution Among the Joint Tortfeasors Act, which is Chapter 344 of the Acts of 1941. We do not agree with appellant's contention that the purpose of the Act has been defeated in this case. By Section 27 (a) thereof, it is provided:

"Before answering, a defendant seeking contribution in a tort action may move *ex parte* or, after answering, on notice to the plaintiff, for leave as a third-party plaintiff to serve a summons and pleading upon a person not a party to the action who is or may be liable as a joint tortfeasor to him or to the plaintiff for all or part of the plaintiff's claim against him. If the motion is granted and the summons and pleading are served, the person so served, hereinafter call the third-party defendant, shall make his defense to the claim of the plaintiff and to the third-party claim in the same manner as defenses are made by an original defendant to an original pleading. The third-party defendant may assert any defenses which the third-party plaintiff has to the plaintiff's claim. The plaintiff shall amend his pleadings to assert against the third-party defendant any claim which the plaintiff might have asserted against the third-party defendant had he been joined originally as a defendant. The third-party defendant is bound by the adjudication of the third-party plaintiff's liability to the plaintiff as well as of his own liability to the plaintiff

'and to the third-party plaintiff. A third-party defendant may proceed under this section against any person not a party to the action who is or may be liable as a joint tortfeasor to him or to the third-party plaintiff for all or part of the claim made in the action against the third-party defendant."

Adequate provision is made by Section 27 (a) for the trial of a case fairly and fully on its merits, without regard to the position of any of the parties as original defendants or otherwise. If the plaintiff limited his testimony to one defendant only, the one so implicated is certainly given every opportunity to make his defense and show that others are either jointly or solely liable. The appellant brought in the other defendants and the case was heard fully on its merits. That is the purpose at which the Act was aimed and we cannot say it was not accomplished in the case on this record.

There was no error in directing a verdict for Eppes and the Levins. McNamara testified he saw Levin's truck ready to leave the curb when he was approximately one hundred feet to its rear, that he then applied his brakes and reduced his speed under the twenty miles per hour he was then traveling. In that situation he had ample opportunity to avoid a collision with either Eppes or Levin and the court's action in directing a verdict in their favor was proper.

The 13th exception is to the refusal of the court to direct a verdict in favor of the appellant. The motion for the directed verdict was based on the legal insufficiency of the evidence, contributory negligence on the part of the plaintiff, and negligence of the Levins as the proximate cause of the accident. The evidence involving the appellant was ample to require its submission to the jury and there was no error in the ruling.

The 14th and 15th exceptions may be considered together, as both relate to the refusal to grant prayers offered by the appellant. Everything contained in these prayers was fully covered by the court's oral instructions and the refusal of the prayers, as offered, does not

constitute error. Rule 6, Part Three, III, Rules of Practice and Procedure of the Court of Appeals of Maryland. *Feinglos v. Weiner*, 181 Md. 38, 28 A. 2d 577.

The 18th and 19th exceptions relate to refusal of the court to instruct the jury in connection with the question of proximate cause as it related to the liability of Eppes and the Levins, but as the verdict in their favor was properly directed, no error is found in this ruling.

It is suggested by the appellees, Jacob Levin and Benjamin Levin, that a directed verdict in their favor was a necessity because no judgment could be rendered against them for the reason that the original plaintiff did not amend his declaration in accordance with Section 27 (a) of the Act. Inasmuch as the action of the court in directing a verdict for these appellees has already been approved, it becomes unnecessary for us to consider this question.

Finding no errors in the rulings complained of, the judgments are affirmed.

*Judgment in No. 58 affirmed, with costs.*

*Judgment in No. 59 affirmed, with costs.*

*Judgment in No. 60 affirmed, with costs.*

MARBURY, J., filed the following dissenting opinion:

This is a personal injury case growing out of an automobile accident brought in the first instance by Arthur R. McNamara on his own behalf and for the use of the Royal Indemnity Company against Morton Brotman, trading as the Diamond Cab Company, by which trade name he will be hereinafter referred to. The Cab Company, acting under the provisions of Chapter 344 of the Acts of 1941, which adds nine new sections to Article 50 of the Annotated Code, under the new subtitle "Joint Tortfeasors," moved that the owners and drivers of two other automobiles involved in the same accident be made third-party defendants. Under the authority of an order signed on this motion, a third-party plaintiff suit was

thereupon filed by the Cab Company against these other defendants, namely, Merrill Eppes and Benjamin and Jacob Levin. General issue pleas were filed by all the third-party defendants. The original plaintiff made no amendment to his declaration "to assert against the third-party defendant any claim which the plaintiff might have asserted against the third-party defendant had he been joined originally as a defendant" as provided by the Act.

At the conclusion of the entire case, the court granted prayers for instructed verdicts in favor of the third-party defendants and refused a similar motion by the Cab Company. There was a verdict in favor of the plaintiff against the Cab Company, and the latter filed a motion for judgment N. O. V. and for a new trial. These were denied and judgment was entered against the Cab Company. Appeals were taken here by the Cab Company from the judgment against it, from the judgment in favor of the Levins, codefendants, and from the judgment in favor of Eppes, codefendant.

The court below, in granting the motions for instructed verdict in favor of Eppes and the Levins, makes the following correct statement of the law: "I have concluded that in order for the defendants Eppes and Levin to be held in the case, even though there may have been negligence on the part of such defendants, some violations of the rules of the road or something like that, yet if that negligence which they may have committed were not the proximate or the procuring cause of this accident, these defendants are not liable." In discussing the testimony, however, the court referred to the testimony of the plaintiff that he was able to and did stop before he had come to the rear of Eppes' car, and for that reason, he did not think the plaintiff could recover as against either the defendant Eppes or the defendants Levin, and he said: "I rule that on the plaintiff's own testimony those named defendants were not involved in the second accident or series of accidents which subsequently happened. For that reason, gentlemen, I am directing the verdict at this time, directing that you bring in a verdict in this

case in favor of the defendants Eppes and Levin." The appellant claims, and these quotations seem to bear out his contention, that the trial court ruled because the plaintiff did not implicate the two third-party defendants, no recovery could be had against them, no matter what other testimony was produced implicating them. He further claims that there was testimony in the case sufficient to take it to the jury as against these defendants, and that he, as the original defendant and third-party plaintiff, is entitled to have the jury pass upon their liability to the plaintiff as well as his.

The first question, therefore, is what evidence is there against the third-party defendants to show that they were negligent and that their negligence directly contributed to the injury to the plaintiff. The facts in the case seem to be that all of the parties were on the right-hand side of Park Heights Avenue and the Levin truck was pulling out from the curb. The Eppes car struck it on the side. The McNamara car struck the Eppes car in the rear and the cab struck the McNamara car in the rear. The claim of McNamara was that after the Eppes car hit the Levin truck he stopped and the cab hit him in the rear driving him into the Eppes car, so that there were really, according to his testimony, two accidents. The testimony of Levin, however, contradicted McNamara's testimony and said that Eppes ran into him when he had plenty of room to get by, and that McNamara struck Eppes before the cab struck McNamara. Eppes' testimony implicates Levin in that he says the latter pulled out without warning before he had time to swerve. He also contradicts McNamara and states that the latter struck him before the cab struck McNamara. This court has held that in an accident involving several parties, the question of whose negligence was directly contributory to the injury should be left to the jury. This would seem to be an appropriate case for the adoption of that principle.

There does not seem to be any doubt that under the joint tortfeasors law the intention is to have the jury

232

pass upon the liabilities of all parties in one case. If the plaintiff does not put them all in, the defendant can do so, and in such case the same result will be reached as if the added parties had originally been made defendants. The fact that the plaintiff did not then amend his declaration cannot prejudice the rights of the defendants to have the others in. No point was made of this in the case. The trial court was apparently confused by the idea that since the plaintiff himself did not claim that Eppes and Levin were negligent, he could not recover against them. That would be sound, were it not for the right of the defendant to have contribution provided by the Act, and his consequent right to have them kept in the case if any evidence was produced that they were guilty of negligence directly contributing to the accident. There seems to be such evidence.

The Act of 1941, Chapter 344, does require that in case that third-party defendants are made on motion of the original defendant "The plaintiff shall amend his pleadings to assert against the third-party defendant any claim which the plaintiff might have asserted against the third-party defendant had he been joined originally as a defendant." This was not done in this case and no motion was made to require it to be done. There may be some question whether in case of a verdict against a third-party defendant in such a case a judgment could be entered on behalf of the plaintiff, inasmuch as he did not sue such third-party defendant. The better view seems to be, however, that inasmuch as the original defendant has the right to join the other defendants, judgments should be entered against all defendants against whom verdicts are returned. The original plaintiff is bound by the Act to accept these other defendants as parties to the case, and therefore is entitled to judgments against them in a proper case, whether or not he amends his declaration. It would be better practice to follow the Act and amend the declaration, but if no objection is made, and the parties all go to trial on the original declaration and the declaration of the third-party

plaintiff, any right by anyone to have the original declaration amended has been waived.

It might be contended that as between the original plaintiff and defendant the issue has been determined by the jury on all the evidence, and therefore the judgment as to the original defendant should not be reversed. This would leave him in a position where he might have to pay the judgment, and then to try the case against the other two defendants. This would obviously prejudice his rights, and would be exactly what the statute is designed to prevent, namely, a multiplicity of suits. Courts cannot close their eyes to the fact that the situation is entirely different where a jury is considering a claim against three parties, and where it is considering the claim against one party after the court has dismissed the case as to the other two. In the last case, the jury, if it feels the plaintiff was injured, has only one defendant against whom it can find. Human nature is apt to react in such a way that the injured man will be given something to be collected from this defendant, when, if the other two were in, he might be absolved entirely and one or both of the others held responsible.

There is, in my opinion, enough evidence of negligence on the part of Eppes and the Levins to take the case to the jury against them. As this was not done, the appellant has been damaged because he is entitled to have the jury consider the evidence against all three defendants in one case. For these reasons, I think the judgment against the appellant and the judgments in favor of the two third-party defendants should all be reversed and a new trial awarded in which the jury could consider the liability of all of the parties.

BOND, C. J., concurs in the dissenting opinion.