## THE BALTIMORE TRANSIT CO. *v.* STATE, TO USE OF CARRIE SCHRIEFER ET AL.

[No. 32, October Term, 1944.]

*Decided November 16, 1944.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, MELVIN, BAILEY, CAPPER, and HENDERSON, JJ.

*Philip S. Ball* and *Eben J. Cross,* with whom was *Joseph R. Hudson* on the brief, for the appellant.

*Michael J. Manley* for State, use of Schriefer, and *Helen Elizabeth Brown* and *Hamilton O'Dunne,* with whom were *Harley, Wheltle & Manley* and *Simon E. Sobeloff, City Solicitor,* on the brief, for the Mayor and City Council of Baltimore, appellees.

HENDERSON, J., delivered the opinion of the Court.

The appeal in this case is from an order of the Baltimore City Court rescinding a previous order of the court that authorized the appellant to implead the Mayor and City Council of Baltimore as a third party defendant in a tort action brought under the provisions of Section 72, Article 101 of the Code, against the Baltimore Transit Company by Carrie Schriefer and her minor children

on account of the death of her husband, Charles Schriefer. The decedent, an employee of the city, died of injuries sustained in the course of his employment, on account of which the city, as employer and self-insurer, is paying compensation to Schriefer's dependents under an award of the State Industrial Accident Commission.

The accident occurred on February 26, 1942, when Schriefer, a regular employee of the Street Cleaning Department, was riding upon a truck owned by Katherine Bauernfeind and operated by her chauffeur, George Bivens. Under contract with the owner, the truck and its driver were engaged in collecting ashes for the city. The truck, coming south on Linden Avenue, made a left turn to enter Camel Alley across the northbound tracks of the Transit Company, when it was struck by a northbound street car. Schriefer was thrown to the street and suffered injuries from which he died on the same day. Claim for compensation was duly filed, and on March 10, 1942, the Commission ordered the city to pay compensation at the rate of $17.41 per week for a period of 287⅔ weeks, not to exceed $5,000, and funeral expenses not to exceed $125. On June 30, 1942, this action was commenced against The Baltimore Transit Company, Katherine Bauernfeind and George H. Bivens. The latter was never summoned. On August 1, 1942, the transit company filed a general issue plea. On August 3, 1942, the time for pleading by Katherine Bauernfeind was extended, pending decision of a controversy between her and her insurance carrier in the Federal Court, but this order was rescinded on February 20, 1943, and she filed a general issue plea on March 8, 1943. Meanwhile, on March 2, 1943, the transit company filed a motion and third-party claim, and obtained an order making the city a third-party defendant. On April 9, 1943, the city demurred to the third-party claim. On November 4, 1943, the demurrer was overruled. On December 30, 1943, the city filed a motion to strike out the order of March 2, 1943, and obtained a show cause order. This

came on for hearing upon motion and answer, and on March 2, 1944, the motion was granted.

The third-party claim was based upon the allegations that the truck driver, Bivens, was acting as the agent and servant of the city at the time of the accident, and that the accident was caused solely by his negligence. Liability on the part of the city was claimed under the Joint Tortfeasors' Act, Article 50, Sections 21-30 of the Code (1943 Supp.), as enacted by Chap. 344 of the Acts of 1941. The motion to strike out the order of March 2, 1943, making the city a third-party defendant, did not deny the agency, but contended that the employer of the decedent was liable only under the provisions of the Workmen's Compensation Act and that the Joint Tortfeasors' Act was not applicable.

There is no doubt that the Workmen's Compensation Act substituted for the common law liability of an employer for negligence, subject to the corresponding common law defenses, an absolute, but limited, liability regardless of fault, and made that liability exclusive, in the case of a conforming employer. Section 14, Art. 101 of the Code, 1939.

In *Kramer v. Globe Brewing Co.*, 175 Md. 461, 470, 2 A. 2d 634, 638, this Court said:

"Under the provisions of the Act, therefore, the right to sue the employer at common law is only inherent in the employee in those cases in which the employer has failed to comply with it; in which latter case the employee, or his representative in cases of death, has the option of either claiming compensation under the Act, or maintaining an action at common law for damages on account of the injury. If suit is brought at common law against an employer who has complied with the provisions of the Act, he can, and ordinarily does, meet the action by filing a plea showing that he has so complied and is therefore subject to its provisions. *Salvuca v. Ryan & Reilly Co.*, 129 Md. 235, 98 A. 675."

Under the provisions of Section 72 of Article 101 of the Code, as it stood prior to 1920, Laws 1914, Chap.

800, Sec. 57, the injured employee, or his dependents in case of death, had an option to proceed against his employer for compensation under the Act or against a negligent third party at law, but only against one or the other. *Hagerstown v. Schreiner*, 135 Md. 650, 109 A. 464.

Under the original Act, however, the employer had a right to enforce the liability of a negligent third party for the benefit of himself or the insurer, any excess to be paid to the injured employee. By amendments, in 1920 and 1922, the further right was given to the employee, or his dependents, after receiving compensation, to sue the negligent third party at law, if the employer or insurer failed to do so within two months from the date of the award, with an obligation to reimbuse the employer or insurer out of the proceeds. In either case, however, the measure of damages is the loss to the injured employee, or his dependents, and not merely the amount of the award. *Clough & Molloy v. Shilling*, 149 Md. 189, 131 A. 343.

The claim of the employer or insurer is by way of subrogation. *Western Maryland Railway Co. v. Assurance Co.*, 163 Md. 97, 161 A. 5.

And it has been held that the action is not barred by an agreement of the employer to indemnify the negligent third party. *State v. New York, P. & N. R. Co.*, 141 Md. 305, 307, 118 A. 795.

Since the statute fixes the right to reimbursement, the employer or insurer is not a necessary party to a suit by the employee. *Stark v. Gripp*, 150 Md. 655, 133 A. 338.

It is contended, however, that the employer's immunity from suit by the employee was modified by the passage of the Joint Tortfeasors' Act in 1941, so as to permit the joinder of a conforming employer whose negligence caused or contributed to the happening of an accident, at the instance of the negligent third party. The case is one of first impression in this Court, although the same question was decided, adverse to the appelllant's contention, in the Baltimore City Court (Frank, J.) in the case of *Vermillion v. Lyon Conklin Co.*, Daily Record,

April 25, 1942. *Brotman v. McNamara*, 181 Md. 224, 29 A. 2d 264, the only case in which this Court has construed the Joint Tortfeasors' Act, is not in point.

The primary purpose of the Joint Tortfeasors' Act was to create a right of contribution among joint tortfeasors, which did not exist at common law, *Baltimore & O. R. R. Co. v. Howard County Commissioners*, 113 Md. 404, 77 A. 930, and to establish a procedure whereby that right might be made effective in practice.

Section 22 (a) of Article 50 provides: "The right of contribution exists among joint tortfeasors." Section 21 provides: "For the purposes of this sub-title— (a) 'Joint tortfeasors' means two or more persons jointly or severally liable in tort for the same injury to person or property, whether or not judgment has been recovered against all or some of them. (b) 'Injured person' means any person having a claim in tort for injury to person or property." Section 27 (a) provides:

"Before answering, a defendant seeking contribution in a tort action may move ex parte or, after answering, on notice to the plaintiff for leave as a third-party plaintiff to serve a summons and pleading upon a person not a party to the action who is or may be liable as a joint tortfeasor to him or to the plaintiff for all or part of the plaintiff's claim against him * * *.

"The plaintiff shall amend his pleadings to assert against the third-party defendant any claim which the plaintiff might have asserted against the third-party defendant had he been joined originally as a defendant * * *."

We think these provisions make it clear that the Act is only applicable to a situation where there is a common liability to an injured person in tort. Such liability may be joint or several, but there can be no contribution where the injured person has no right of action against the third-party defendant. The right of contribution is a derivative right and not a new cause of action.

In the Commissioners' notes to the Uniform Contribution among Tortfeasors' Act (which Maryland adopted

with slight modifications in 1941 as Sections 21-30 of Article 50 of the Code), it is stated: "The common obligation contemplated by this Act is the common liability of the Tortfeasors to suffer adverse judgment at the instance of the injured person whether or not the injured person elects to impose it." And it is further stated that the Act "permits contribution among all tortfeasors whom the injured party could hold liable jointly and severally for the same damage or injury * * *."

It may be observed that the appellant in the case at bar is seeking not contribution but indemnity, since it alleges that the third-party defendant is solely responsible for the injury. We do not suggest that this is fatal to a third-party action, but if this allegation is sustained, the resulting verdict could only be against the third-party defendant, who has a complete defense to the plaintiff's action, by reason of the Compensation Act.

The Uniform Contribution Act was not approved until 1939, and has been enacted in only a few States. So far as we can learn, there have been no decisions under the Uniform Act that throw any light upon the question here presented. However, there have been decisions in point in other States, where rights of contribution or indemnity have been recognized either by statute or by judicial decision.

In the case of *Britt v. Buggs and Wolff*, 201 Wis. 533, 230 N. W. 621, an employee was injured as a result of a collision between the automobile in which she was riding, operated by her employer, and an automobile operated by a third person. The injured employee received workman's compensation, and sued the third party, who filed a cross complaint against the employer, under the liberal practice prevailing in that State. The Supreme Court of Wisconsin, in a well considered opinion, held the employer not liable for contribution. The decision was followed in *Verhelst Construction Co. v. Galles*, 204 Wis. 96, 235 N.W. 556.

The North Carolina courts have reached the same conclusion. *Brown v. Southern Ry.*, 202 N. C. 256, 162 S. E.

613, and *Hoover v. Globe Ind. Co.*, 202 N. C. 655, 163 S. E. 758. See also *Cohen v. Philadelphia Rural Transit Co.*, Pa. 1930, 13 Dist. & Co. R. 465. In New York it has been held that the negligent third-party might bring in the employer for purposes of indemnity, although it was conceded that there was no liability to the employee. *Westchester Lighting Co. v. Westchester County Corp.*, 278 N. Y. 175, 15 N. E. 2d 567. There was a vigorous dissent by Chief Judge Crane. Compare *Calvino v. Pan Atlantic SS Co.*, D. C. N. Y., 29 F. Supp. 1022. In *Elliott v. Armour & Co.*, D. C. S. C., 30 F. Supp. 367, an employer was brought in under Federal Rule of Civil Procedure 14, 28 U. S. C. A., following Section 723c, but the Court treated the question as procedural and not as one of substantive law, to be resolved in accordance with the pertinent State decisions of the jurisdiction where the case arose.

We think the weight of authority supports the proposition that the Compensation Law limits the employer's liability as well as the employee's recovery. The employer should not be held liable indirectly in an amount that could not be recovered directly, for this would run counter to one of the fundamental purposes of the compensation law.

The appellant contends, however, that if it is not permitted to implead the employer, the employer may not only escape liability in tort, but escape liability under the Compensation Act. If a judgment is rendered against the appellant in the case at bar, in an amount equal to or in excess of the amount of the award, the employer would be entitled under the provisions of Section 72 of Article 101 to repayment of the award. It is said that such a result violates the principle that no one should profit by his own wrong, and allows the negligent employer to shift the burden assumed under the Compensation Act upon a joint participant in the tort.

It is true that the policy of limiting an employer's liability does not necessarily require that he be relieved of all liability, where he is a participant in the tort. But

the short answer to this contention is that there is no provision in the Compensation Act forbidding reimbursement in those cases. where the employer is a participant. The problem is not as simple as it appears, because there is the procedural difficulty due to the lack of a comprehensive third-party practice act, and there is also the difficulty of establishing the relative rights of the three parties. After the employer has been brought in as a coplaintiff and his negligence *vel non* has been judicially determined, provision would have to be made to cut off the employer's right of reimbursement and to limit the recovery of the injured employee against the negligent third party to the excess over and above the compensation payable. Obviously, the employee should not be permitted to recover both compensation and damages. *Hagerstown v. Schreiner, supra,* 135 Md. page 654, 109 A. 464.

The problem is fully discussed in an article by Mr. Larson in the 1940 volume of the Wisconsin Law Review, p. 567, entitled "A Problem In Contribution: the Tortfeasor With An Individual Defense Against the Injured Party." But we think the difficulties cannot be resolved under existing Maryland Statutes; the matter is one for legislative consideration.

*The order appealed from is affirmed with costs.*