## OAHU RY. & LAND CO. v. UNITED STATES.

### Civil Action No. 773.

District Court, Hawaii.
Sept. 26, 1947.

J. P. Russell, of Anderson, Wrenn & Jenks, of Honolulu, Hawaii, for plaintiff.

Ray J. O'Brien U.S. Atty., and William M. Blatt, Asst. U.S. Atty., both of Honolulu, Hawaii, for the United States.

McLAUGHLIN, Judge.

The plaintiff by this action, predicated upon the Federal Tort Claims Act, Sec. 931 (a) of 28 U.S.C.A., seeks to enforce an asserted right of contribution against the United States under the Territorial Joint

Tortfeasors' Act, Revised Laws of Hawaii 1945, Sec. 10487 et seq. by an appropriate motion the Government urges the dismissal of the action.

Briefly the facts are that:

1. On October 9, 1943, an Army tank while being operated upon a public highway in the City and County of Honolulu collided with a bus operated by the plaintiff as a licensed public carrier.

2. As a result of the collision of these two vehicles a passenger in the plaintiff's bus was severely injured and later died. His dependents in June 1944 sued the plaintiff in the Territorial First Circuit Court alleging negligence by plaintiff's bus driver.

3. The plaintiff in February 1947 settled the damage suit and exacted from the deceased's heirs a full release of all claims arising out of the accident which the parties had against the United States.

4. Later in February 1947 plaintiff filed this action against the United States for "contribution for the full amount" of the $4,000 judgment against itself and which it had paid.

■ ■ The Government's contentions that upon these facts there is a lack of jurisdiction and that the plaintiff has failed to state a claim upon which relief can be granted under the Tort Claims Act appear to be sound, unless there is merit to the opposing reasons assigned by the plaintiff. Upon familiar principles, as the Government contends, the United States cannot be sued without its consent, and where upon certain terms and conditions it has consented to be sued, a party seeking relief must bring himself squarely within the terms of the consent. United States v. Sherwood, 1941, 312 U.S. 584, 618 S.Ct. 767, 85 L.Ed. 1058. It is obvious that the alleged tort occurred in 1943 and direct recovery against the United States upon the basis of that event would be barred by the provisions of the Tort Claims Act limiting this Court's jurisdiction to claims "* * * accruing on and after January 1, 1945 * * *." 28 U.S.C.A. § 931 (a).

But the plaintiff argues that its "claim" arose in 1947, and is not therefore barred by the Act. It asserts that its claim or cause of action for contribution arose when it paid the Circuit Court judgment against itself and obtained a release of all claims for itself and—upon its own initiative—for the United States also. In taking this position the plaintiff relies heavily upon Westchester Lighting Co. v. Westchester County Small Estates Corporation, 1938, 278 N.Y. 175, 15 N.E.2d 567. In that case an employee of the defendant was asphyxiated by escaping gas from a main maintained by the plaintiff in a public highway and which had been broken negligently by defendant's employees. The defendant employer carried Workmen's Compensation insurance and beyond that was not liable to the employee or to his heirs. The employee's heirs sued the gas company and recovered a judgment upon the theory that it was negligent in not detecting the leak. The gas company then sued the employer. The New York court allowed it to recover by way of indemnity because it deemed the employer primarily at fault and it did so in full recognition of the fact that the employer would not have been liable to the employee's heirs.

■ The plaintiff's position does not impress me as sound for several reasons. In the first place its "claim" is for contribution as a joint tortfeasor. While it is true that if it has such a claim it arose in 1947, the important point is that such a claim is not a—"claim * * * on account of damage to or loss of property or on account of personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government * * *." 28 U.S.C.A. § 931 (a). In a proper case involving a claim arising after January 1, 1945, it may well be that the United States can be held to contribute if a joint tortfeasor. But to subscribe to plaintiff's theory upon these facts would be to distort the Act. Congress in barring claims prior to January 1945 may well have had in mind the foreclosure of claims arising out of the recent war. In any event it set up a limitation, and to adopt plaintiff's theory here would involve litigating an underlying claim which is stale.

■ More importantly, the United States on the date (1943) of the alleged tort was not liable as a joint tortfeasor. In 1943 it had not consented to be sued for torts. As

sovereign it was then immune and no right or cause of action accrued to an injured party. Under circumstances such as here described an injured party's only recourse was to appeal for relief to Congress, which might grant it entirely as a matter of grace. As pointed out by Mr. Justice Holmes in The Western Maid, 1922, 257 U.S. 419, 433, 42 S.Ct. 159, 161, 66 L.Ed. 299:

"The United States has not consented to be sued for torts, and therefore it cannot be said that in a legal sense the United States has been guilty of a tort. For a tort is a tort in a legal sense only because the law has made it so."

And again, in 257 U.S. at page 433, 42 S.Ct. at page 161, 66 L.Ed. 299, and as pertinent to plaintiff's assertion that there was a right even though there was no remedy in 1943, the Justice said:

"Legal obligations that exist but cannot be enforced are ghosts that are seen in the law but that are elusive to the grasp."

To endorse plaintiff's position on this point would be to construe the Tort Claims Act as creating a retroactive liability where previously no liability at all existed. Such was not the intent of Congress in passing the Tort Claims Act.

Accordingly as in 1943 when this alleged tort occurred there was no possible common tort liability to support a derivative suit for contribution, the plaintiff fails to state a claim upon which relief can be granted. As pointed out in Baltimore Transit Co. v. State, 1944, 183 Md. 674, 39 A.2d 858, 860, 861, 156 A.L.R. 460, with reference to a Joint Tortfeasors' Act modeled as is Hawaii's upon the Uniform Contribution among Tortfeasors' Act:

"We think these provisions make it clear that the Act [Joint Tortfeasors' Act] is only applicable to a situation where there is a common liability to an injured person in tort. Such liability may be joint or several, but there can be no contribution where the injured person has no right of action against the third-party defendant. The right of contribution is a derivative right and not a new cause of action.

"In the Commissioners' notes to the Uniform Contribution among Tortfeasors' Act (which Maryland adopted with slight modifications in 1941 as sections 21-30 of art. 50 of the Code), it is stated: 'The common obligation contemplated by this Act is the common liability of the Tortfeasors to suffer adverse judgment at the instance of the injured person whether or not the injured person elects to impose it.' And it is further stated that the Act 'permits contribution among all tortfeasors whom the injured party could hold liable jointly and severally for the same damage or injury * * *.'

"It may be observed that the appellant in the case at bar is seeking not contribution but indemnity, since it alleges that the third-party defendant is solely responsible for the injury. We do not suggest that this is fatal to a third-party action, but if this allegation is sustained, the resulting verdict could only be against the third-party defendant, who has a complete defense to the plaintiff's action, by reason of the Compensation Act.

* * * [Cases discussed and cited]

"We think the weight of authority supports the proposition that the Compensation Law limits the employer's liability as well as the employee's recovery. The employer should not be held liable indirectly in an amount that could not be recovered directly, for this would run counter to one of the fundamental purposes of the compensation law."

It is of course true that the New York courts hold contrary to the Baltimore Transit case and represent a minority view which is nevertheless binding upon the Federal courts in New York. Bohn v. American Export Lines, D.C.S.D.N.Y.1941, 42 F.Supp. 228; Burris v. American Chicle Co., 2 Cir., 1941, 120 F.2d 218. But whatever view may be adopted in cases involving a workmen's compensation law, it is beyond all argument that under no circumstances was the United States liable directly or indirectly to an injured party in tort in 1943. To allow plaintiff to recover here would be, by indirection in 1947, to allow a recovery against the United States upon a claim arising in 1943 as to which it then had no liability, joint or otherwise.

The motion to dismiss is granted.