Evelyn M. HOLMES, Appellant,

v.

CAPITAL TRANSIT COMPANY, a corpora-
tion, and Dimitrios Kalesis, Appellees.

No. 2276.

Municipal Court of Appeals for the
District of Columbia.

Argued Oct. 27, 1958.

Decided March 3, 1959.

Howard A. Vogel, Washington, D. C., for appellant.

Kermit L. Sharff, Washington, D. C., for appellee Kalesis.

John P. Arness and John J. Ross, Washington, D. C., entered an appearance for appellee Capital Transit Co., but filed no brief.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

ROVER, Chief Judge.

Alleging that she sustained injuries when the streetcar on which she was a passenger collided with an automobile, plaintiff brought suit against Capital Transit. After answering, the transit company filed a third-party complaint against Dimitrios Kalesis, the operator of the automobile, asserting that plaintiff's injuries were caused in whole or in part by his negligence. Kalesis denied he was negligent in his answer to the third-party complaint and alleged that plaintiff's injuries were solely attributable to the negligence of Capital Transit. Plaintiff's complaint contained no allegations of negligence on the part of Kalesis, nor was the complaint amended to assert a claim against him.

The case was submitted to the jury on special interrogatories. With the jury's answers, these were:

"1. Do you find that D. C. Transit System, Inc. was negligent?    No.

\*    \*    \*    \*    \*    \*

"2. Do you find that Dimitrios Kalesis was negligent?    Yes.

"3. If your answer to question 1 or 2 is in the affirmative, in what amount do you find that Evelyn Holmes has been damaged?    $1900.00."

The court thereupon entered the finding in favor of Capital Transit and dismissed the third-party action.

A few days later and before judgment was formally entered, plaintiff filed a motion to amend her complaint to include Kalesis as a co-defendant. The motion was opposed on the ground that plaintiff's claim against him was barred by the three-year statute of limitations, D.C. Code 1951, § 12–201.[1] Plaintiff's motion to amend was denied and judgment was entered on the jury's verdict. Plaintiff now appeals the ruling on her motion.

If we understand plaintiff's contentions correctly, she first challenges the necessity of formal amendment under Rule 14 (a) and argues in substance that she is not barred by the statute of limitations because plaintiff and the third party are opposing parties without amendment. This issue has been raised on several occasions in the United States District Courts and inasmuch as Municipal Court Civil Rule 14(a) is the same as its counterpart in the Federal Rules of Civil Procedure, 28 U.S.C.A., we may look to these decisions as authority.

The short answer to this contention is that plaintiff and the third party are not opposing parties in the case until plaintiff *asserts* a direct claim against the third-party defendant.[2] If the plaintiff attempts

---

1. The accident which gave rise to the suit occurred on May 6, 1955. Plaintiff's motion to amend the complaint was filed May 19, 1958.

2. The plaintiff may assert the claim either by amendment or by a new pleading. See notes of the Advisory Committee, Committee Note of 1946 to Rule 14.

to accomplish this by means of amendment, the amended complaint begins a *new* action and the motion to amend should properly be denied if at the time it is made the statute has run on the plaintiff's claim against the third party. Carlise v. Monongahela Railway Co., D.C. W.D.Pa., 16 F.R.D. 426; Horan v. Pope & Talbot, Inc., D.C.E.D.Pa., 119 F.Supp. 711; M.V.M., Inc. v. St. Paul Fire & Marine Insurance Co., D.C.S.D.N.Y., 156 F.Supp. 879. See also 3 Moore's Federal Practice, Para. 14.09 (Supp.1958). It is of no consequence that the defendant impleaded the third party prior to the time the statute ran on the plaintiff's claim against him. Hankinson v. Pennsylvania Railroad Co., D.C.E.D.Pa., 160 F.Supp. 709.

■ We are of the view that this is dispositive of the issue raised on this appeal. However, citing the dissenting opinion in Brotman v. McNamara, 181 Md. 224, 29 A.2d 264, plaintiff further argues that under Rule 15 an amendment or new pleading may be waived where the third-party defendant's liability to the plaintiff has been accepted by the parties as an issue in the case. The only federal court which has passed directly on this point appears to be in accord with the views expressed in the Brotman dissent. See Falls Industries, Inc. v. Consolidated Chem. Indus., Inc., 5 Cir., 258 F.2d 277.[3] We do not think it necessary to discuss the soundness or unsoundness of the holding in Falls Industries because it is not applicable to the circumstances of the present case for several reasons.

In urging the application of Rule 15, plaintiff erroneously proceeds on the supposition that the jury returned a verdict in favor of the plaintiff against the third-party defendant. While question 3 of the interrogatories is improperly phrased and somewhat misleading, it is nevertheless clear that the liability of the third-party defendant to plaintiff was not submitted to the jury, nor does it appear that the parties accepted it as an issue.

The third-party defendant did not assert any defenses against the plaintiff, although he might properly have done so under Rule 14(a) since he might have been bound in the third-party action by an adjudication of defendant's liability to the plaintiff. Moreover, counsel for the plaintiff in both his opening and closing statements alleged negligence only on the part of Capital Transit and did not offer proof of Kalesis' negligence. Finally, when jury instructions were discussed in a conference at the bench, the trial judge indicated that the third-party action would be dismissed if a verdict were returned in favor of Capital Transit. This conference took place after the special interrogatories were submitted to the jury and no objection was made by counsel for the plaintiff. It is obvious therefore the question of waiver is not in issue in this case.

The ruling of the trial court is accordingly.

Affirmed.

3. A similar result is suggested in Patton v. Baltimore & O. R. Co., 3 Cir., 197 F.2d 732, 743. But see United States v. Lushbough, 8 Cir., 200 F.2d 717.