Lois **ELLINGTON**, Administratrix of the Estate of Abner Ellington, Plaintiff,

v.

The **HARTFORD STEAM BOILER INSPECTION AND INSURANCE COMPANY**, Defendant.

No. FS–71–C–35.

United States District Court,
W. D. Arkansas,
Fort Smith Division.

Oct. 15, 1971.

Sam Sexton, Jr. and Robert Law, Ft. Smith, Ark., for plaintiff.

Tom Harper, Jr., of Harper, Young & Smith, Ft. Smith, Ark., for employers Ins. Co. of Wausau.

Don Callaway of Bethell, Callaway, King & Robertson, Ft. Smith, Ark., for defendant.

## MEMORANDUM OPINION

JOHN E. MILLER, Senior District Judge (Sitting by Designation).

At the pretrial conference of October 12, 1971, the defendant, The Hartford Steam Boiler Inspection and Insurance Company, filed its motion supported by memorandum brief, in which it alleged that Employers Insurance Company of Wausau was the workmen's compensation carrier for the employer, M. H. Simmons Company and Paris Rendering Company, Inc.; that the workmen's compensation carrier has made death benefit payments to the deceased's widow, together with medical and funeral expenses on account of the injuries received by the deceased on or about July 25, 1970, and his subsequent death, while in the course of his employement; that any negligence or assumption of risk of the deceased would be imputed to the workmen's compensation carrier "insofar as said insurance carrier's rights of recovery against this defendant are concerned"; that "in order for defendant to assert the defense of comparative negligence or assumption of risk against the subrogation claim of Employers Insurance Company of Wausau, said company should be made a party herein";

that the workmen's compensation carrier is a real party in interest pursuant to Rule 17, Fed.R.Civ.P., and is an indispensable party pursuant to Rule 19, Fed.R.Civ.P., and the joinder of the said workmen's compensation carrier would not deprive this court of jurisdiction; that the court should enter an order requiring the workmen's compensation carrier be made a plaintiff or an involuntary plaintiff in order that the defendant may assert a defense of comparative negligence against said company's subrogation claim; alternatively, the workmen's compensation carrier should be joined as a party pursuant to Rule 19 or Rule 21, Fed.R.Civ.P., in order to afford defendant a right to assert its defense of comparative negligence; and the claim of said carrier should be identified, and defendant should be entitled to a set-off or cross claim to the extent of any independent contributory negligence of decedent Ellington's employer.

The motion was orally argued by counsel for the defendant who simultaneously submitted brief in support thereof. Counsel for plaintiff and counsel for the workmen's compensation carrier each submitted arguments in opposition to the motion. The court took the motion under consideration and advised counsel for plaintiff and for the workmen's compensation carrier that, if either desired, they might also submit briefs in opposition to the motion. The court has received the brief of counsel for the workmen's compensation carrier and counsel for plaintiff has advised that his client waives the opportunity for submitting written brief.

Since the jurisdiction of the court is based upon diversity and the amount in controversy, the substantive law of Arkansas governs.

The court has carefully considered the contentions of the parties urged in the oral arguments and the authorities cited in the briefs, and has also independent-

ly researched the applicable statutes and decisions.

On November 8, 1938, Amendment 26 to the Constitution of the State of Arkansas was adopted, and reads as follows:

"The General Assembly shall have power to enact laws prescribing the amount of compensation to be paid by employers for injuries to or death of employees, and to whom said payments shall be made. It shall have power to provide the means, methods, and forum for adjudicating claims arising under said laws, and for securing payment of same. Provided, that otherwise no law shall be enacted limiting the amount to be recovered for injuries resulting in death or for injuries to persons or property; and in case of death from such injuries the right of action shall survive, and the General Assembly shall prescribe for whose benefit such action shall be prosecuted."

The present "Workmen's Compensation Law," Ark.Stat.Ann., §§ 81–1301 through 81–1349 (1961 Repl.), was submitted in 1948 under the initiated and referendum provisions of the Constitution and replaced the workmen's compensation law enacted in 1939. Section 81–1304 provides:

"The rights and remedies herein granted to an employee subject to the provisions of this act [§§ 81–1301–81–1349], on account of injury or death, shall be exclusive of all other rights and remedies of such employee, his legal representative, dependents, or next of kin, or anyone otherwise entitled to recover damages from such employer on account of such injury or death * * *."

Section 81–1305 provides:

"Every employer shall secure compensation to his employees and pay or provide compensation for their disability or death from injury arising out of and in the course of employment, without regard to fault as a cause for such injury; provided, that there shall be no liability for compensation under this act [§§ 81–1301–81–1349] where the injury or death from injury was solely occasioned by intoxication of the injured employee or by wilful intention of the injured employee to bring about the injury or death of himself or another. The primary obligation to pay compensation is upon the employer and the procurement of a policy of insurance by an employer to cover the obligation in respect to this act shall not relieve him of such obligation."

The plaintiff, as Administratrix of the estate of the deceased, is seeking to recover on behalf of the estate and in her own behalf and on behalf of the heirs at law of the deceased for the negligent failure of the defendant to properly inspect the boiler covered by the liability policy issued by the defendant.

The Supreme Court of Arkansas in C & L Rural Electric Cooperative Corporation v. Kincaid (1953), 221 Ark. 450, at page 458, 256 S.W.2d 337, at page 341, quoted with approval from Baltimore Transit Company v. State to Use of Schriefer, 183 Md. 674, 39 A.2d 858, 156 A.L.R. 460, as follows:

" 'There is no doubt that the Workmen's Compensation Act substituted for the common law liability of an employer for negligence, subject to the corresponding common law defenses, an absolute, but limited, liability regardless of fault, and made that liability exclusive, in the case of a conforming employer (Citing the Act) * * *. It is contended, however, that the employer's immunity from suit by the employee was modified by the passage of the Joint Tortfeasors Act in 1941, so as to permit the joinder of a conforming employer whose negligence caused or contributed to the happening of an accident, at the instance of the negligent third-party.'

"The Court then, after an analysis of the Uniform Tort-feasors' Act, continued: 'We think these provisions make it clear that the Act is only applicable to a situation where there is a common liability to an injured person in tort. Such liability may be joint or several, but there can be no contribution where the injured person has no right of action against the third-party defendant. The right of contribution is a derivative right and not a new cause of action. * * *

" 'We think the weight of authority supports the proposition that the Compensation Law limits the employer's liability as well as the employee's recovery. The employer should not be held liable indirectly in an amount that could not be recovered directly, for this would run counter to one of the fundamental purposes of the compensation law.' "

Thus, under the provisions of the Workmen's Compensation Act the defendant is not entitled to assert a claim against the employer of the deceased on the ground that said employer was negligent or for contribution or indemnity in this action.

The court does not believe that it is necessary to further discuss the provisions of the Workmen's Compensation Act of Arkansas or the many decisions decisive of the contentions made by defendant, and merely calls counsel's attention to the decisions annotated and discussed in 53 A.L.R.2d at page 177, together with the supplemental annotation appearing in A.L.R.2d Later Case Service, Nos. 49–55, at page 372.

In the motion the defendant has further alleged that the workmen's compensation carrier has a right to intervene "but has not done so because of an agreement with the plaintiff's attorneys, Sam Sexton, Jr., and Robert Law, that its claim will be honored in accordance with such statute in the event of recovery by the plaintiff herein."

The court is convinced that the better practice is to permit the workmen's compensation carrier to intervene if it so desires, but said intervention should be held in abeyance until the conclusion of the main case, and if plaintiff recovers, the court will determine the distribution as provided in the Workmen's Compensation Act, § 81–1340.

Therefore, an order is being entered today overruling and denying the motion and permitting the workmen's compensation carrier of the deceased's employer to intervene if it so desires, and setting this case for trial on its merits on Tuesday, November 30, 1971, at 9:30 a.m.