### WALTER v DOW CHEMICAL COMPANY

1. STATUTES—FEDERAL EMPLOYER'S LIABILITY ACT—CONTRIBUTION.
   The Federal Employer's Liability Act does not bar contribution among joint tortfeasors since under the act the cause of action is in negligence, the recovery is not limited, and the injured employee can sue his employer (45 USC § 51 *et seq.*).

2. PARTIES—FEDERAL EMPLOYER'S LIABILITY ACT—IMPLEADER—RAILROADS.
   A railroad company, liable to its injured employee exclusively under the Federal Employer's Liability Act, may properly be impleaded as a third-party defendant for contribution on a motion by a defendant against whom the injured employee has brought a cause of action in negligence since the Federal Employer's Liability Act does not bar contribution among joint tortfeasors (45 USC § 51 *et seq.; GCR 1963, 204*).

Appeal from Saginaw, Hazen R. Armstrong, J. Submitted Division 3 November 4, 1971, at Lan-

---

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 32 Am Jur 2d, Federal Employers' Liability and Compensation Acts § 116 *et seq.*

sing. (Docket No. 11044.) Decided January 20, 1972.

Complaint by Louis and Donna Walter against Dow Chemical Company for damages sustained when Louis Walter was injured while working on defendant's property. Dow Chemical's motion to implead the Chesapeake & Ohio Railway Company, Louis Walter's employer, as a third-party defendant granted. C & O's motion to dismiss the third-party complaint granted. Dow Chemical appeals. Reversed and remanded.

*Egloff, Mainolfi, Taylor, McGraw & Collison,* for third-party plaintiff Dow Chemical.

*Weadock & Montgomery (Robert A. Straub,* of counsel), for third-party defendant Chesapeake & Ohio Railway Company.

Before: DANHOF, P. J., and BRONSON and TARGON-SKI,* JJ.

DANHOF, P. J. Plaintiff Louis Walter is an employee of the Chesapeake and Ohio Railway Company. While performing his duties as a brakeman on a C & O train the plaintiff was injured. At the time of the injury the train was being operated on the property of the Dow Chemical Company and Dow was the owner of the tracks. Plaintiff then brought this action for damages against Dow Chemical alleging negligence. The trial court allowed Dow Chemical to implead the C & O Railway as a third-party defendant. Subsequently, pursuant to

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

GCR 1963, 204.1(4), GCR 1963, 518.2, and GCR 1963, 117.2(1), the trial court granted the C & O Railway a final judgment on the grounds that Dow Chemical had failed to state a claim upon which relief could be granted. We reverse because we regard a final order terminating Dow's action against the C & O as erroneous.

Dow Chemical's third-party complaint sets forth a claim upon which relief can be granted. In essence the complaint alleges that if Dow negligently contributed to the plaintiff's injury, the C & O also was negligent and contributed to the injury. If these allegations are proven, Dow and the C & O would be joint wrongdoers and Dow could have contribution under the rule of *Moyses* v. *Spartan Asphalt Paving Company* (1970), 383 Mich 314. The trial court held that the Federal Employer's Liability Act, 45 USCA § 51 *et seq.*, was the exclusive remedy of the employee against the railroad, and therefore, Dow Chemical could not implead or have contribution from the C & O. The trial court relied on *Husted* v. *Consumers Power Company* (1965), 376 Mich 41.

*Husted* is distinguishable from the case at bar. *Husted* held that because of the Workmen's Compensation Act the employer of the plaintiff could not be jointly liable with a third-party tortfeasor, and thus, the employer could not be joined as a third-party defendant. At pp 54–55, the Court, quoting from 2 Larson's Workmen's Compensation Law, § 76.21, said:

" 'The great majority of jurisdictions have held that the employer whose concurring negligence contributed to the employee's injury cannot be sued or joined by the third party as a joint tortfeasor, whether under contribution statutes or at common law. The ground is a simple one: the employer is

not jointly liable to the employee in tort; therefore he cannot be a joint tortfeasor. The liability that rests upon the employer is an absolute liability irrespective of negligence, and this the only kind of liability that can devolve upon him whether he is negligent or not. The claim of the employee against the employer is solely for statutory benefits; his claim against the third person is for damages. The two are different in kind and cannot result in a common liability.' "

At p 55 the Court quoted the following from 18 Am Jur 2d, Contribution, § 48:

" 'This conclusion has been usually predicated on the fact that the employer and the third person are not under a common liability to the injured or killed workman, since the employer's liability is imposed, as well as limited, by the provisions of a workmen's compensation act, while that of the third-person tortfeasor rests on the principles of negligence.' "

On p 56 the Court, quoting in part from *Baltimore Transit Co.* v. *State* (1944), 183 Md 674 (39 A2d 858, 156 ALR 460), said:

" 'The right of contribution is a derivative right and not a new cause of action.'

"Thus if Husted could not sue his employer (Hertel-Deyo), and we know he could not, Hertel-Deyo and Consumers cannot be joint tortfeasors by law. Consumers therefore cannot sue Hertel-Deyo for contribution should it be held to respond to plaintiffs in damages."

In this case the employee's right of action against his employer is based on the FELA (Federal Employer's Liability Act) not on a workmen's compensation statute. The FELA does not provide the absolute liability that a workmen's compensation act provides, but rather provides for an action based on

negligence. The claim of the plaintiff against his employer is for damages not for statutory benefits as is the case in workmen's compensation. His claim against Dow Chemical is based on negligence. The two are alike in kind and can result in a common liability. Furthermore, under the Workmen's Compensation Act the employer's liability is limited to the statutory amount. The FELA contains no such provision. Under the Workmen's Compensation Act the employee may not sue his employer and thus a third-party tortfeasor can derive no cause of action from the employee. Under the FELA the employee can sue his employer.

We conclude that while the FELA is an exclusive remedy in the sense that Federal law has preempted the field and the injured party does not have a state remedy, it is not an exclusive remedy in the same sense as a workmen's compensation statute. Therefore, it does not bar contribution.

Further support for our holding is found in the fact that a railroad that has compensated its employee may have contribution from a third-party tortfeasor, when permitted by local law. *Patterson* v. *Pennsylvania R. Co.* (CA2, 1952), 197 F2d 252, *Southern R. Co.* v. *Foote Mineral Company* (CA6, 1967), 384 F2d 224. Moreover, under Federal practice there is ample authority for allowing a railroad to implead a third-party tortfeasor. *Patterson* v. *Pennsylvania R. Co., supra; Zontelli Bros.* v. *Northern Pacific R. Co.* (CA8, 1959), 263 F2d 194; *Kennedy* v. *Pennsylvania R. Co.* (CA3, 1960), 282 F2d 705. Under ordinary circumstances if one wrongdoer can have contribution then the other should also have contribution. We have found one case where a defendant upon being sued by an employee of a railroad has been allowed to implead and receive con-

tribution from the railroad. *Anderson* v. *United States* (WD Ky, 1953), 118 F Supp 498.

We conclude that where state law would allow contribution, the FELA does not bar such an action, and that Michigan law would allow contribution. Thus, the railroad may be liable to Dow Chemical and is a proper party under GCR 1963, 204.

On appeal the C & O has vigorously argued that the action of the circuit court was discretionary and, in view of the complications caused by joinder, no abuse of discretion has been shown. It is true that matters of this type are ordinarily discretionary. However, in this case we are confronted with a final judgment that terminates Dow's action against the C & O. It is the finality of the order that we find to be erroneous. If the C & O wishes the trial court to exercise its discretion under GCR 1963, 204, it may request such relief upon remand.

We note that the plaintiffs have requested that the issues raised by the third-party complaint be tried separately. In this case the plaintiffs have suffered the same type of delay that was criticized in *Moyses, supra.* Plaintiffs commenced this action on April 9, 1969, and they are still waiting for a hearing on the merits. On remand we trust that the circuit judge will expedite this matter. An order vacating the order of impleader or an order granting separate trials would not affect Dow's substantive rights against the C & O, and the plaintiffs should not be subjected to further delay.

Reversed and remanded.

All concurred.