Woodruff vs. Webb.

--------

## WOODRUFF vs. WEBB.

1. FAILURE OF CONSIDERATION: *Assignment, etc.*
   A being indebted to B, as a surety, in order to enable B's agent to raise money, and to obtain further time on the debt to B, made his note to the agent upon an agreement that if he should have to pay the note the amount paid should be entered as a credit on the debt to B. The agent assigned the note to the plaintiff for value; after the assignment his agency ceased, and the debt to B was paid by the principal debtor. Held, that at the time of the assignment there was a subsisting consideration. and the subsequent failure of consideration could not affect the right of the plaintiff (the assignee of the note).

2. *Interest.*

   A note which stipulates for interest from date till maturity at the rate of
   10 per cent. per annum, bears the statutory rate (6 per cent.) after maturity,

3. VERDICT: *Amendment of.*

   Where the intention of the jury to return a verdict responsive to the issue
   is manifest, but under a mistake of law, and not of any fact in the case,
   their intention is incorrectly expressed, it is the duty of the court below
   to have the verdict reduced to, and entered in proper form. And if it is
   not done this court will order the judgment to be modified to conform to
   the finding.

APPEAL from *Pulaski* Circuit Court.

Hon. J. J. CLENDENIN, Circuit Judge.

*Rose,* for appellant.

*Farr, Yonley & Whipple, contra.*

HARRISON, J.:

This was a suit by James P. Webb against William E. Woodruff, on a promissory note made by the latter to Liberty Bartlett for $1000, dated May 18th, 1871, payable four months after date, with 10 per cent. interest from date, and assigned to the plaintiff for value before maturity.

In his answer, the defendant averred, that he, in 1859, became the security of George A. Worthen, who had since died, in a note, to Thomas Fraser, on which note Fraser, after the death of Worthen, brought suit and recovered judgment against the defendant, and that in settlement of the judgment he gave Fraser a note for $1517. That when the note sued on was made, Bartlett, the payee, was the agent of Fraser, who was a non-resident of the State, and he had in his hands as such, the note for $1517, and the note sued on was executed, upon his promise and agreement, if the same was paid by the defendant to credit the amount thereof, on the defendant's note to Fraser in his hands; and upon no other consideration, but that after the execution of the note Bartlett ceased to be such agent, and the defendant's note

to Fraser was taken out of his hands; and the same was afterwards paid and taken up, by the administratrix of Worthen; and that if 'there ever was any consideration for the note sued on, it had failed.

He further averred, that the note was executed for the use of Fraser, and was in fact the property of Fraser, and that it was satisfied and discharged in the payment of the note for $1517 by Worthen's administratrix; and also that Bartlett, by taking the note payable to himself and transferring it to the plaintiff, perpetrated a fraud upon him.

The jury returned a verdict for the plaintiff for the sum of $1000, with interest thereon at the rate of 10 per cent. from the date of the note ; and the judgment as entered, is for the sum of $1000, with interest thereon at the rate of 10 per cent. from the 18th day of May, 1871, until paid.

The evidence was, that the note was given to enable Bartlett to raise money, and that the defendant might obtain further time on the debt to Fraser, and upon Bartlett's promise to give him, should he have it to pay, a credit for the amount on his note to Fraser, and that it was assigned to the plaintiff, who knew nothing of the consideration or circumstances under which Bartlett obtained it, for value, before maturity and before Bartlett ceased to be Fraser's agent, and the note to Fraser was paid by Worthen's administratrix as stated in the answer; and it also tended to prove that Woodruff knew when he executed it, that it was Bartlett's intention to assign it to the plaintiff, and it was testified by Bartlett, that he had full authority from Fraser to act for him in all matters relating to his interest in Arkansas, which extended to the power to receive and negotiate the note, and that the transaction was for the benefit of Fraser, and the money received from the plaintiff for the note was his; but which he had never paid over to him.

At the instance of the plaintiff, but against the objection of the defendant, the court instructed the jury that the only defense pleaded was a want or failure of consideration of the note, and no question of fraud was before them, and that if the note was given to Bartlett as the agent of Fraser in consideration of Woodruff's indebtedness to Fraser, and for his benefit, there was a sufficient consideration, and the plaintiff was entitled to recover.

There was no averment in the answer, that the defendant was induced by any misrepresentations or fraudulent pretense of Bartlett to execute the note, and the mere fact, that it was given for the benefit of Fraser, and belonged to him, did not make his taking it payable to himself, and his assignment thereof to the plaintiff, a fraud upon the defendant; and the failure of consideration resulting from Bartlett's inability to perform his agreement was the only defense, in reality set up.

The note, it was proven, was given with a view to its negotiation, and whether for the use of Bartlett or of Fraser, it was when paid to be in discharge of so much of the defendant's indebtedness to the latter, and there was, therefore, no want of consideration.

The removal of Bartlett from his agency, was a contingency both must have foreseen, and the defendant must be presumed to have relied, in case of such event, on Bartlett's personal liability.

According to the statute, ch. 15, sec. 3, Gould's Dig., in force when the assignment was made, and until the act of April 24th, 1873, the assignee of a note, unless it was expressed therein to be payable "without defalcation" (and the note sued on was not such), took it at his peril, and at the risk of any defense that the maker could set up against the payee. *Smith* v. *Capers*, 13 Ark., 9; *Walker* v. *Johnson*, Ib., 522; *Worthington* v. *Curd*, 22 Ark., 278; *Nisbett* v. *Brown & Norton*, 30 Ark., 585.

But in this case, the note was assigned before it became impossible for Bartlett to perform his agreement, and whilst there was a subsisting consideration, and the defendant had no defense to it. The subsequent failure of consideration, could not, therefore, affect the plaintiff's right. *Sayer* v. *Thompson et. al.*, 28 Ark., 336.

The verdict was defective; the interest should have been computed at 10 per cent., only from the date to the maturity of the note, and after maturity at six, as held in *Newton* v. *Kenerly*, 31 Ark., 626 ; *Ragan* v. *Bell et. al., ante; Pettigrew* v. *Summers, ante.*

No exeception was, however, taken to it in the court below.

The obvious intention of the jury was to find for the plaintiff, the amount of the principal and interest of the note ; but under a misapprehension as to the rate of interest it bore after maturity, and which was a mistake as to the law, and not as to the facts of the case, their intention was incorrectly expressed.

"Strict form in a verdict is not required," said Chief Justice Justice McKean *Thompson* v. *Musser,* 1 Dallas, Pa., 458. "It needs only to be understood what the intent of the jury was, agreeably to which, the verdict may afterwards be moulded into form."

In *Foster v. Jackson,* Hol., 54, it was said : "Howsoever the verdict seem to stray, and conclude not formally or punctually unto the issue, so as you cannot find the words of the issue in the verdict. Yet, if a verdict may be concluded out of it to the point in issue, the court shall work it into form."

And in *Porter* v. *Rummery,* 10 Mass., 64. The court said: "The court are competent to collect the meaning of the jury from the terms of their verdict," and that "the general rule is that, although the verdict may not conclude formally or punctually in the words of the issue, yet, if the point in issue can be

concluded out of the finding, the court shall work the verdict into form, and make it serve according to the justice of the case."

The verdict, though incorrect as to the rate of interest, was yet responsive to and a finding upon the issue, and the court should have directed it to be reduced to and entered in proper form. *Hanks* v. *Crofton*, 2 Burr., 698 ; *Thompson* v. *Button*, 14 John., 84 ; *Hodges* v. *Raymond*, 9 Mass., 316 ; *Foster* v. *Estate of Caldwell*, 18 Verm., 176.

The judgment should have been entered for the sum of the principal of the note, and the interest from the date to the maturity of the note at the rate of 10 per cent. per annum ; and after the maturity to the time of trial at six, and for interest thereon from the judgment until paid at 6 per cent.; and we direct that it be so modified and corrected.