LITTLE v. MILES.

4-8501                                    212 S. W. 2d 935

Opinion delivered April 26, 1948.

*Marcus Evrard* and *W. P. Beard,* for appellant.

*John D. Thweatt, Cooper Thweatt, J. F. Holtzendorff* and *Frances Drake Holtzendorff,* for appellee.

GRIFFIN SMITH, Chief Justice. The jury found that drivers of three motor cars traveling in the same direction were negligent in the matter of speed, sudden stopping without warning, and, inferentially, the two cars following the first did not give due regard to the distance

separating them from the one immediately ahead. Consequently, there were rear-end collisions or "side-swipings" when the first car suddenly stopped. The plaintiff, appellant here, in meeting the three cars at the time of difficulty, was forced from the highway into a ditch. His truck was damaged $479.93, and spoilage to cargo amounted to $75. Judgment for $554.93 was asked.

The question is whether, in the absence of an instruction authorizing apportionment of damages, the jury had a right to find that A, B, and C, as responsible parties operating offending cars, were liable in different sums. There were three verdicts—two for $200 each, and one for $154.93. The motion for judgment *non obstante veredicto* was overruled. Appeal was taken on the theory that each defendant was answerable for the full amount.

We agree with appellant that a trial court should render judgment conformable to law, and the obvious mistake of a jury touching other than factual matters does not impair this right. *Crary* v. *Carradine & Newman*, 4 Ark. (Pike) 216; *Woodruff* v. *Webb*, 32 Ark. 612; *Coleman* v. *Utley*, 153 Ark. 233, 240 S. W. 10.

Act 315 of 1941—Contribution Among Tortfeasors—was discussed in *Schultz* v. *Young*, 205 Ark. 533, 169 S. W. 2d 648, and it was involved in *Ward* v. *Walker*, 206 Ark. 988, 178 S. W. 2d 62.

The Act provides that "When there is such a disproportion of fault among joint tortfeasors as to render inequitable an equal distribution among them of the common liability by contribution, the relative degrees of fault of the joint tortfeasors shall be considered in determining their *pro rata* share."

The Shultze-Young case shows that the Act was prepared by National Conference of Commissioners on Uniform State Laws. Notes by the Commissioners were mentioned in the opinion.

Appellant, who seems to apprehend that two of the judgments are not collectible, may have been apportioned *out* of most of the recovery to which he is entitled. How-

ever, we have not the right to place a construction on the Act at material variance from its purpose. The intent was to permit finders of facts to decide relative responsibility of each tortfeasor and to hold him responsible in that proportion only. The law does not presume that full recovery can be defeated because one or more of the defendants may be execution proof. Sufficient evidence was before the jury to permit it to appraise the conduct of each defendant and to undertake, as fairly as practicable, to fix the responsibility of each. This having been done, the Court's action in denying appellant's motion for a judgment notwithstanding must be sustained.

Affirmed.

Opinion redelivered July 5, 1948.

[PER CURIAM. An opinion in this case was delivered April 26, 1948, affirming the judgments. It was withdrawn May 10 by an order of the Court, entered on its own motion. Further consideration of the issues compels the conclusion that the appeal is ruled by the Shultze-Young case, to which reference was made. There is an additional reason why, in the case at bar, judgment cannot be rendered for an amount greater than $154.93 under authority of the common law. See *Wear U. Well Shoe Co.* v. *Armstrong*, 176 Ark. 592, 3 S. W. 2d 698, and similar cases. The opinion withdrawn May 10th will be reinstated. It is so ordered.]