**SCHOTT v. COLONIAL BAKING CO. et al.**

**Civ. A. No. 1058.**

United States District Court
W. D. Arkansas, Fort Smith Division.

March 17, 1953.

14

James E. Grigsby, Oklahoma City, Okl.,. Price Dickson, Fayetteville, Ark., for plaintiff.

Harper, Harper & Young, Fort Smith, Ark., for defendant and third party defendant, Arkansas Motor F. L., Inc.

Daily & Woods, Fort Smith, Ark., for defendant and third party plaintiff, Colonial Baking Co.

JOHN E. MILLER, District Judge.

The plaintiff is a citizen and resident of the State of·Oklahoma. The defendant, Colonial Baking Company, is a Delaware

corporation authorized to do business in the State of Arkansas and maintains a place of business at 711 Parker Street, Little Rock, Arkansas. The defendant, Arkansas Motor Freight Lines, Inc., was incorporated under the laws of the State of Arkansas and maintained a place of business in Fort Smith, Arkansas, until October 31, 1951, when it was dissolved and ceased to do business as a corporation.

The amount in controversy, exclusive of interest and costs, exceeds the sum of $3,000.

The plaintiff filed his complaint against the above-named defendants on January 15, 1953, in which he alleged:

That on January 26, 1950, at about 5:00 a. m. he was driving a 1949 International truck-tractor pulling a tandem refrigerator semi-trailer in a southerly direction on U. S. Highway 65 about 12 miles north of Pine Bluff, Arkansas, when said truck trailer struck the rear of a large semi-trailer attached to a truck-tractor owned by the defendant, Arkansas Motor Freight Lines, Inc., which was parked without lights, flares, flagmen or other warning on the right lane of said highway, and plaintiff was injured as a result of said collision.

That the injury to plaintiff was directly and proximately caused by the combined negligence of the defendants in that the Colonial Baking Company, acting through its employee, Jack Freeman, who, a short time before the collision, had negligently gone to sleep while driving a truck owned by the defendant, Colonial Baking Company, and allowed the said truck to overturn and block the highway near the point of the collision; that the defendant, Arkansas Motor Freight Lines, Inc., acting through its employee, whose name is unknown to plaintiff, parked its truck-tractor and large semi-trailer on the right lane of said paved highway to the north of the overturned Colonial Baking Company truck, and neither of the defendants placed any flares or warning lights of any kind on the highway to warn plaintiff that said road was blocked, as required by the laws of Arkansas and the rules of the Interstate Commerce Commission, and failed to warn

plaintiff in any manner that said road was blocked which was their duty to do in the exercise of reasonable care.

Then follow allegations specifically describing the injuries and the extent of the damage suffered by plaintiff.

On February 4, 1953, the Arkansas Motor Freight Lines, Inc., filed a motion to quash service of summons on the grounds that the said defendant corporation had been dissolved on October 31, 1951, in the manner provided by law, and on January 15, 1953, the date of the attempted service of summons, had no general manager and no officers upon whom such summons could be served.

On February 28, 1953, the Court sustained the motion to quash the service of summons as to the defendant, Arkansas Motor Freight Lines, Inc.

On February 7, 1953, prior to the entry of the order quashing the service of summons as to Arkansas Motor Freight Lines, Inc., the defendant, Colonial Baking Company, filed its motion for leave to file a third party complaint and to bring in the third party defendants. In the motion it was alleged that the Arkansas Motor Freight Lines, Inc., was dissolved in the manner provided by law on October 31, 1951, and that the certificate of dissolution was filed with the Secretary of State of Arkansas and with the County Clerk of Sebastian County on November 1, 1951; that R. A. Young, Jr., Roy C. Martin, J. C. Gibson and Thomas Harper were at the time of the dissolution of said corporation the directors of the same and that because of the dissolution of the corporation they became trustees under and by virtue of Sections 64–807 and 64–808, Arkansas Statutes 1947, Annotated, and that as such trustees they became subject to suit in the name of said dissolved corporation. This motion was granted by the Court on February 13, 1953, over the objections of the third party defendants.

Following the filing of the third party complaint against the said individuals as liquidating trustees of Arkansas Motor Freight Lines, Inc., and also Arkansas Motor Freight Lines, Inc., the third party

defendants filed their motion for summary judgment of dismissal of the third party complaint.

The original defendant, Colonial Baking Company, as third party plaintiff, in its third party complaint has alleged:

That the complaint of the plaintiff, Alex Schott, alleges joint and concurrent negligence on the part of the respective agents and truck drivers of the third party plaintiff and third party defendant, Arkansas Motor Freight Lines, Inc., then an acting corporation and now a dissolved Arkansas corporation, resulting in alleged injuries and damage to plaintiff in a truck collision on U. S. Highway 65 in Jefferson County, Arkansas, on January 26, 1950, as more specifically alleged in paragraphs 3, 4 and 5 of the original plaintiff's complaint, a copy of which is attached to the third party complaint.

That the third party plaintiff is without information sufficient to form a belief as to the truth of the allegations in plaintiff's complaint with respect to the negligence alleged on the part of the agent and truck driver of Arkansas Motor Freight Lines, Inc.; and therefore, upon information and belief adopts by reference the allegations of negligence on the part of the agent and driver of Arkansas Motor Freight Lines, Inc., specifically set out in plaintiff's complaint.

That in the event the allegations as to negligence on the part of the agent and truck driver of Arkansas Motor Freight Lines, Inc., should be sustained by the evidence introduced in a trial of this cause and judgment is rendered in favor of plaintiff against the third party plaintiff for the total amount of plaintiff's damages resulting from such alleged concurrent negligence of the third party plaintiff's agent and driver and the agent and driver of Arkansas Motor Freight Lines, Inc., and the third party plaintiff discharges its common liability or pays more than its pro rata share

thereof, there will accrue to the third party plaintiff a right of contribution against the third party defendants in the amount of the pro rata share of the third party defendants in such common liability to the plaintiff, and to the extent that such common liability shall have been discharged by the third party plaintiff.

In the motion for summary judgment of dismissal of the third party complaint, the third party defendants have alleged:

Plaintiff does not have and cannot assert a cause of action arising from the facts alleged in his complaint against the defendant, Arkansas Motor Freight Lines, Inc., because service of summons herein upon said defendant is defective and insufficient to give the Court jurisdiction over plaintiff's alleged claim against said defendant, and proper summons cannot now be issued and proper service thereof cannot now be had because plaintiff's complaint shows on its face that his alleged cause of action arose and accrued in the State of Arkansas on January 26, 1950, more than three years prior to the date of the filing of this motion, and, within three years following January 26, 1950, plaintiff did not properly commence his cause of action against said defendant and same is now barred against the said Arkansas Motor Freight Lines, Inc., and the trustees by reason of the Statute of Limitations in force and effect in the State of Arkansas.[1]

That even if plaintiff's cause of action against Arkansas Motor Freight Lines, Inc., were not barred by the Statute of Limitations, the alleged cause of action is wholly barred against the said Arkansas Motor Freight Lines, Inc., for the reason that on January 27, 1950, Arkansas Motor Freight Lines, Inc., filed its complaint in the Circuit Court of Jefferson County, Arkansas, wherein it was the plaintiff, and, Jack White, doing business as City Produce Company and Jack White, doing business as Jack White Produce Company, and

1. The motion of Arkansas Motor Freight Lines, Inc., to quash the service of summons on it, which had been served on Roy Martin, Manager of Arkansas Motor Freight Lines, Inc., on January 15, 1953, the same date the original complaint was filed, was sustained by the Court on February 28, 1953, subsequent to the filing by the third party defendants of their motion for summary judgment of dismissal of the third party complaint.

plaintiff herein, Alex Schott, were defendants; that said cause was docketed as No. 12623 in the Jefferson Circuit Court. In that action Arkansas Motor Freight Lines, Inc., sought to recover damages to its personal property sustained in the same collision alleged and described in the plaintiff's complaint herein; that proper service of summons was had upon the defendants in that action, including Alex Schott, the plaintiff herein, who, together with the defendant, Jack White, caused the action to be removed from the Jefferson Circuit Court to the United States District Court for the Eastern District of Arkansas, Western Division, at Little Rock, Arkansas, where the cause was docketed as Civil Action No. 2059; that the said Alex Schott, plaintiff herein, and Jack White et al., filed answers denying the allegations of the complaint and thereafter on August 23, 1950, the said Court entered an order dismissing the said action with prejudice to the plaintiff Arkansas Motor Freight Lines, Inc.; that from and after the filing of the said action and prior to the order of dismissal with prejudice as aforesaid the said Alex Schott, as a defendant therein, wholly failed to file therein or assert against Arkansas Motor Freight Lines, Inc., any cause of action or claim to recover damages arising from the facts and circumstances at issue therein, and by reason of the failure to file and assert any counterclaim against Arkansas Motor Freight Lines, Inc., in the said action, any claim of the plaintiff, Alex Schott, against the Arkansas Motor Freight Lines, Inc., is now forever and wholly barred.

That because plaintiff's alleged cause of action against Arkansas Motor Freight Lines, Inc., its directors and trustees is wholly barred for the reasons above alleged, the defendant, Colonial Baking Company, third party plaintiff herein, is not entitled to assert any claim for contribution or otherwise against this defendant in a third party proceeding or by way of cross-claim.

The attorneys for the third party defendants and the attorneys for the third party plaintiff have filed excellent briefs in support of their respective contentions.

The third party defendants contend (1) that they are not now parties defendant to the claim of the plaintiff and that plaintiff has no claim which he can assert against them, and (2) that since the plaintiff has no cause of action against the third party defendants, the third party plaintiff has no claim for contribution against them because the Uniform Contribution Among Tortfeasors Act of Arkansas, Sections 34-1001 to 34-1009, inclusive, Arkansas Statutes 1947, Annotated, contemplates the existence of a right of action by plaintiff against the third party defendant or defendants.

The third party plaintiff contends (1) that assuming the allegations of the plaintiff's complaint and the third party complaint are true, a "common liability" existed at the time of the accident and thereafter, but that the liabiliy of Arkansas Moor Freight Lines, Inc., was subsequently extinguished by the voluntary action or inaction of the plaintiff herein, and (2) that the failure of the plaintiff, Alex Schott, to after, but that the liability of Arkansas Motor Freight Lines, Inc., was subsequently destroy his right of action ab initio but ex post facto, and could not destroy the third party plaintiff's right of contribution against Arkansas Motor Freight Lines, Inc., for its pro rata part of any liability that the third party plaintiff may be required to discharge and pay to plaintiff for damages sustained by him in a collision caused by the concurrent negligence of the third party plaintiff and third party defendants.

The primary issue thus raised by the contentions of the parties is whether a right of contribution exists, prima facie, between alleged joint tort-feasors where there was prima facie a common liability at the time the plaintiff's alleged cause of action arose but no common liability at the time the third party complaint asserting the right of contribution was filed.

The third party plaintiff in its brief concedes that the original plaintiff, Alex Schott, no longer has a cause of action against the third party defendants; however, the reasons which induce this con-

cession should be discussed because of the bearing they have upon the decision of the ultimate issue raised by the motion for summary judgment on the third party complaint.

The cause of action in the instant case arose on January 26, 1950, the date of the accident, and to this day the plaintiff, Alex Schott, has not "commenced" an action against the third party defendants.

Section 37–206, Arkansas Statutes 1947, Annotated, requires tort actions such as the one herein involved to be commenced within three years after the cause of action accrues. Section 27–301, supra, provides that a civil action is commenced by the filing of a complaint and causing a summons to be issued thereon. See also, Bridgman v. Drilling, 218 Ark. 772, 775, 238 S.W.2d 645.

■ The purported issue and service of summons on the Arkansas Motor Freight Lines, Inc., which service was quashed by the Court as heretofore stated, was, in effect, no issue or service whatsoever, and no action was "commenced" thereunder within the meaning of Sections 27–301 and 37–206, supra. See, Vandover, Receiver v. Lumber Underwriters, 197 Ark. 718, 126 S.W.2d 105; 54 C.J.S., Limitations of Actions, § 273, p. 306.

■ Inasmuch as the plaintiff has failed to commence an action against the third party defendants within three years after the cause of action accrued, any claim that he might have had arising out of the accident on January 26, 1950, as against the third party defendant, is now barred.

Not only is the cause of action by the plaintiff against the third party defendants barred by the statute of limitations, but, in fact, the cause of action is also barred for another equally cogent reason.

On January 27, 1950, the Arkansas Motor Freight Lines, Inc., filed its complaint in the Circuit Court of Jefferson County, Arkansas, against the plaintiff herein, Alex Schott, and Jack White, et al., seeking to recover damages to its personal property sustained in the same collision involved in the present suit. The suit was removed by the then defendants to the United States District Court for the Eastern District of Arkansas, Western Division, and defendants therein, Alex Schott and Jack White, et al., filed their answer. On August 23, 1950, the said Court entered an order dismissing the action with prejudice to the plaintiff, Arkansas Motor Freight Lines, Inc., and at no time did Alex Schott assert any counterclaim or cause of action against the said plaintiff, Arkansas Motor Freight Lines, Inc.

■ Under the Arkansas law a defendant must set out in his answer any counterclaim he might have against a plaintiff, and if he goes to trial without pleading an available counterclaim, he is barred thereafter from asserting such a claim. Section 27–1121, Arkansas Statutes 1947, Annotated; Morgan v. Rankin, 197 Ark. 119, 124, 122 S.W.2d 555, 119 A.L.R. 1466; Shrieves v. Yarbrough, Ark., 247 S.W.2d 193.

Likewise, Rule 13(a), Federal Rules of Civil Procedure, 28 U.S.C.A., requires a party to state as a counterclaim any claim he has against the opposing party arising out of the transaction or occurrence that is the subject matter of the opposing party's claim, and if the action proceeds to judgment without the assertion of such a counterclaim, the claim is barred thereafter. Lesnik v. Public Industrials Corp., 2 Cir., 144 F.2d 968, 975; Pennsylvania R. Co. v. Musante-Phillips, Inc., D.C.Cal., 42 F.Supp. 340; 1 Barron & Holtzoff's Federal Practice and Procedure, Section 394, Page 794; 22 A.L.R.2d 627.

Had the suit by Arkansas Motor Freight Lines, Inc., against Alex Schott et al. proceeded to a judgment, undoubtedly Schott's failure to assert his counterclaim would have precluded him from asserting such a claim at a later date. Would the fact that the suit was dismissed with prejudice rather than tried on its merits make any difference in the effect of Schott's failure to assert his counterclaim? The Court thinks not.

It is true that Rule 13(a) might not bar such counterclaim unless the action proceeds to a judgment. In 5 Fed.Rules Serv.

at page 807 the Advisory Committee's note to Rule 13(a) is quoted as follows:

"If the action proceeds to judgment without the interposition of a counterclaim as required by subdivision (a) of this rule, the counterclaim is barred."

And in Douglas v. Wisconsin Alumni Research Foundation, D.C., 81 F.Supp. 167, beginning at page 170, the Court said:

"In the case at bar there are additional reasons for refusing to permit Wisconsin Research to assert the plea of a former compulsory counterclaim. In the prior suit the complaint was dismissed as to Douglas [with prejudice] before a trial of the cause was had upon its merits. At the time of the dismissal, it would have been still possible for Douglas to have asserted a counterclaim by way of amendment; but, in view of the dismissal order, such action became unnecessary."

But, assuming without deciding that Rule 13(a) would not bar Schott's claim, there is another ground upon which it is barred.

Both the Arkansas statute, 27–1121, supra, and Rule 13(a) are predicated upon the theory of res judicata, i. e., once a party has litigated or had an opportunity to litigate a cause of action, he should then be barred from reasserting the same cause of action at some subsequent time, and ordinarily, in a diversity case a federal court will follow the state law with respect to res judicata. See, Blum v. William Goldman Theatres, Inc., 3 Cir., 174 F.2d 914; Sachs v. State Mut. Life Assur. Co. of Worcester, Mass., D.C.Ky., 82 F.Supp. 479.

In Arkansas, the dismissal of a suit with prejudice is as conclusive of the rights of the parties as if the suit had been prosecuted to a final judgment adverse to the plaintiff. Harris v. Moye's Estate, 211 Ark. 765, 768, 202 S.W.2d 360; Shorten v. Brotherhood of Railroad Trainmen, 182 Ark. 646, 648, 32 S.W.2d 304; Union Indemnity Co. v. Benton County Lumber Co., 179 Ark. 752, 761, 18 S.W.2d 327. Thus, under the Arkansas law, the failure to assert a counterclaim renders the claim res judicata when the action is dismissed with prejudice, just the same as if the action proceeds to a judgment. Since Schott's claim against the third party defendant is barred in the State courts of Arkansas by the doctrine of res judicata, his claim is likewise barred in this diversity action in a Federal District Court situated in Arkansas. See, Angel v. Bullington, 330 U.S. 183, 67 S.Ct. 657, 91 L.Ed. 832; Sachs v. State Mut. Life Assur. Co. of Worcester, Mass., supra.

Therefore, under the law of Arkansas, the concession of the third party plaintiff is well founded, and Arkansas Motor Freight Lines, Inc., and its trustees are not liable, now, to the plaintiff herein, Alex Schott, and no common liability exists at the present time between the third party defendants and the third party plaintiff, Colonial Baking Company. However, in deciding the question before the court, the allegations of plaintiff's complaint and the allegations of the third party complaint must be accepted as true for purposes of this motion, and it must be assumed that a common liability arose between the third party plaintiff and the third party defendants at the time of the accident. Thus, the question now before the Court may be stated again, whether under these facts the third party plaintiff has a right to assert its claim to contribution at the present time between it and the third party defendants even though third party defendants are not now liable to the plaintiff.

The third party complaint was filed under Rule 14, Federal Rules of Civil Procedure, which permits a defendant to file such a complaint against a person "who is or may be liable to him for all or part of the plaintiff's claim against him." The liability of the third party defendants to the third party plaintiff may be by way of indemnity, subrogation, contribution, express or implied warranty, or otherwise, and the law of the state governs in determining whether such a substantive right exists. See, 1 Barron & Holtzoff's Federal Practice and Procedure, Section 426. It follows that in the instant case whether the third party defendants "is (are) or may be liable to" the third party plaintiff depends upon whether, under

the law of the State of Arkansas, a right of contribution exists between these third parties. See, Knell v. Feltman, 85 U.S. App.D.C. 22, 174 F.2d 662; Keller v. Kornegay, D.C.N.C., 9 F.R.D. 103.

And, both the granting of permission to file third party complaints and the dismissal of such complaints rest within the sound discretion of the Court. State of Missouri ex rel., and to Use of Ward v. Fidelity & Deposit Co. of Maryland, 8 Cir., 179 F.2d 327, 333; Andromidas v. Theisen Bros., D.C.Neb., 94 F.Supp. 150; State of Maryland to Use and Benefit of Wood v. Robinson, D.C.Md., 74 F.Supp. 279, 282; 1 Barron & Holtzoff's Federal Practice and Procedure, Section 423. The Court's discretion in the instant case should be determined by the conclusion the Court reaches as to the existence of a right of contribution between the third party plaintiff and the third party defendants. If such a right does not exist, no useful purpose would be served by retaining the third party defendants as such, in the case and the third party complaint should be dismissed. If such a right does exist, the third party defendant should remain in the case so that the entire controversy may be disposed of in one proceeding. No right of contribution existed between joint tortfeasors at common law, and any right of contribution the third party plaintiff might have, must arise by virtue of Act 315 of the Acts of the General Assembly of the State of Arkansas for the year 1941, as amended by Act 35 of the Acts of 1949. Uniform Contribution Among Tortfeasors Act, Sections 34–1001, 34–1003 to 34–1009, inclusive, Arkansas Statutes 1947, Annotated, and Section 34–1002, Arkansas Statutes 1947, Annotated, 1951 Supp. The Act, as amended, provides, inter alia:

"Section 1. (Joint Tortfeasors Defined.) For the purpose of this Act the term 'joint tortfeasors' means two or more persons jointly or severally liable in tort for the same injury to person or property, whether or not judgment has been recovered against all or some of them.

"Section 2. (Right of Contribution: Accrual; Pro Rata Share.)

"(1) The right of contribution exists among joint tortfeasors.

"(2) A joint tortfeasor is not entitled to a money judgment for contribution until he has by payment discharged the common liability or has paid more than his pro rata share thereof.

"(3) A joint tortfeasor who enters into a settlement with the injured person is not entitled to recover contribution from another joint tortfeasor whose liability to the injured person is not extinguished by the settlement.

"(4) When there is such a disproportion of fault among joint tortfeasors as to render inequitable an equal distribution among them of the common liability by contribution, the relative degrees of fault of the joint tortfeasors shall be considered in determining their pro rata shares solely for the purpose of determining their rights of contribution among themselves, each remaining severally liable to the injured person for the whole injury as at common law.

\* \* \* \* \* \*

"Section 4. (Release: Effect on Injured Person's Claim.) A release by the injured person of one joint tortfeasor, whether before or after judgment, does not discharge the other tortfeasors unless the release so provides; but reduces the claim against the other tortfeasors in the amount of the consideration paid for the release, or in any amount or proportion by which the release provides that the total claim shall be reduced, if greater than the consideration paid.

"Section 5. (Release: Effect on Right of Contribution.) A release by the injured person of one joint tortfeasor does not relieve him from liability to make contribution to another joint tortfeasor unless the release is given before the right of the other tortfeasor to secure a money judgment for contribution has accrued, and provides for a reduction, to the extent of the pro rata share of the released

tortfeasor, of the injured person's damages recoverable against all the other tortfeasors.

\* \* \* \* \* \*

"Section 7. (Third Party Practice, Amended Complaints, Counter-claims and Cross-Complaints, and Motion Practice.)

"(1) Before answering, a defendant seeking contribution in a tort action may move ex parte or, after answering, on notice to the plaintiff, for leave as a third-party plaintiff to serve a summons and complaint upon a person not a party to the action who is or may be liable as a joint tortfeasor to him or to the plaintiff for all or part of the plaintiff's claim against him. If the motion is granted and the summons and complaint are served, the person so served, hereinafter called the third-party defendant, shall make his defense to the complaint of the plaintiff and to the third-party complaint in the same manner as defenses are made by an original defendant to an original complaint. The third-party defendant may assert any defenses which the third-party plaintiff has to the plaintiff's claim. The plaintiff shall amend his pleadings to assert against the third-party defendant any claim which the plaintiff might have asserted against the third-party defendant had he been joined originally as a defendant.

\* \* \*

\* \* \* \* \* \*

"Section 9. (Uniformity of Interpretation.) This Act shall be so interpreted and construed as to effectuate its general purpose to make uniform the law of those States that enact it.

\* \* \* "

The third party defendants argue in their brief that, " \* \* \* the contribution act must contemplate the existence of a right of action by a plaintiff against the third party defendant. Section 7 provides that where a third party complaint has been filed, the plaintiff *shall* amend his pleadings to assert against the third party defendant any claim which plaintiff might have

against it. If plaintiff has no right of action against this defendant, certainly it follows the third party plaintiff cannot avail itself of the right of contribution." In support of their position, the third party defendants cite the following cases: Baltimore Transit Co. v. State to Use of Schriefer, 183 Md. 674, 39 A.2d 858, 156 A.L.R. 460; Oahu Ry. & Land Co. v. United States, D.C.Hawaii, 73 F.Supp. 707; Walker v. Kroger Grocery & Baking Co., 214 Wis. 519, 252 N.W. 721, 92 A.L.R. 680.

The fact that Section 7 states that a plaintiff *shall* assert against the third party defendant *any* claim plaintiff might have does not require that the plaintiff have a claim. The Section merely requires a plaintiff, *if* he has a claim, to assert it in order that all the issues may be determined in one proceeding. Suppose, for example, that the plaintiff in the instant case had executed a valid release as to Arkansas Motor Freight Lines, Inc., solely. Under Section 5 of the Act, supra, Arkansas Motor Freight Lines, Inc., would nevertheless be liable for contribution and could be brought in as a third party defendant, regardless of the fact that the plaintiff, by virtue of the release, would have no claim against the said third party defendant. It is evident then that Section 7 does not require the existence of a claim by the plaintiff against the third party defendant.

The cases cited by the third party defendant are of little assistance to the Court in the instant case, because in each of those cases no common liability existed between the joint tort-feasors at the time the cause of action accrued, nor for that matter, at any time. Conversely, in the instant case, assuming the allegations of the plaintiff's complaint to be true, a common liability did exist between the third party plaintiff and the Arkansas Motor Freight Lines, Inc., at the time of the accident and thereafter until the cause of action against the third party defendants was later extinguished by the voluntary action or inaction of the plaintiff.

The third party plaintiff argues that to sustain the third party defendants' contention would be to allow the plaintiff, by his

voluntary action, to "play favors" between those sharing common liability and thus thwart the purpose of the Uniform Contribution Among Tortfeasors Act, said purpose being expressed in the Commissioner's Prefatory Note to the Act as follows:

"It is then, somewhat ironic to note that at common law contribution is denied among all tort-feasors and is allowed as a matter of course to one who has deliberately chosen to violate a contractual obligation undertaken with others. And this situation is aggravated by the common-law view that the injured person is 'lord of his action' and, when injured by the joint and several tort of two or more, may place the loss where and how he sees fit.

"This item of *private*, rather than judicial, *control* of the distribution of loss arising from a common burden of liability has no doubt been largely responsible for the recent trend toward legislative and judicial repeal or modification of the common-law rule. * * *"

This argument is persuasive, especially in view of the decision in Shultz v. Young, 205 Ark. 533, 169 S.W.2d 648, wherein the Court beginning at page 537 of 205 Ark., at page 650 of 169 S.W.2d, said:

"This is one of the Acts prepared by the National Conference of Commissioners on Uniform State Laws * * *.

"These Commissioners have appended notes to the Act expressive of their intention in its enactment, and their opinion as to the meaning of its provisions. * * *

"While we are not necessarily bound by this interpretation, it is very highly persuasive and should be adopted, unless we are clearly convinced that an erroneous interpretation has been given the Act by the Commissioners, or that it is contrary to the settled policy of this State as declared in the opinions of this Court."

And in Knell v. Feltman, supra, the Court, in discussing another phase of the right to contribution, at page 665 of 174 F.2d said:

"In addition to being balked by Rule 14(a), the appellant's theory that there can be no contribution unless the plaintiff has first obtained a judgment against both wrongdoers is untenable for still another reason. The right to seek contribution belongs to the tort-feasor who has been forced to pay, and the existence of the right cannot logically depend upon a selection of defendants made by the plaintiff. If it did so depend, the caprice or whim of the plaintiff, or his deliberate intention to fasten liability on one defendant alone, could preclude that defendant from having contribution to which he might otherwise be entitled. Moreover, such an application of the contribution doctrine would open the way to collusion between a plaintiff, and one against whom he has a cause of action, to impose liability solely upon another against whom he has a cause of action for the same wrong."

See also, Gray v. Hartford Acc. & Indemnity Co., D.C.La., 32 F.Supp. 335, wherein the Court at page 337 said:

"The dominant logic of the case after all is that no plaintiff has the right of election of a defendant to the exclusion of other defendants in an accident case, where there are, or may be, several parties at fault. The legal relation is established in its substance at the moment of the accident; parties thereafter, by technical pleading, may not alter the substantive law."

It is true that none of the cases referred to by the Court herein passed upon the precise question involved in the instant case, but the cases are helpful insofar as they point out the theory upon which contribution between joint tort-feasors is based. Likewise, the Arkansas Supreme Court has not decided this question, although the Court has considered certain provisions of the Uniform Contribution Among Tortfeasors Act in several cases, including, Giem v. Williams, Administratrix, 215 Ark. 705, 222 S.W.2d 800; Lacewell v.

Griffin, 214 Ark. 909, 219 S.W.2d 227, 8 A.L.R.2d 189; Little v. Miles, 213 Ark. 725, 212 S.W.2d 935; Commercial Casualty Insurance Co. v. Leonard, 210 Ark. 575, 196 S.W.2d 919; Ward v. Walker, 206 Ark. 988, 178 S.W.2d 62; Shultz v. Young, 205 Ark. 533, 169 S.W.2d 648. Since the precise question raised herein has not been passed upon by the Arkansas Supreme Court or any other court. of record, this Court necessarily must reach its conclusion through an analysis of the Act and a consideration of decisions on analogous questions.

As heretofore mentioned, if, in the instant case, the plaintiff had executed a release as to the third party defendant, this would not have prevented the third party plaintiff from filing his third party complaint herein. The Commissioner's Note to Section 5 of the Act (which may be found in 10 University of Arkansas Law School Bulletin 15) reads as follows:

"Although the substance of this Section would probably be recognized anyway by courts allowing contribution among tortfeasors under the previous sections of this Act, it seems advisable nevertheless to include it. Under it, an injured person, acting in collusion with or out of sympathy for one of the tortfeasors, cannot relieve him from the obligation to contribute to the other tortfeasors by releasing him. The only way in which such a release can free the released tortfeasor from his duty to contribute is to include a provision to the effect that the other tortfeasors shall be released from the injured person's pro rata share of the common liability."

There is little difference, if any, in permitting a plaintiff to select the defendant whom he might desire to collect from by intentionally or unintentionally forfeiting his right of action against one of the joint tort-feasors, as the plaintiff has done in the instant case, and in permitting a plaintiff to select the defendant by releasing his cause of action against another defendant. Stated differently, plaintiff's action in allowing the statute of limitations to run as against the third party defendants, or in failing to assert his cause of action as a counterclaim in the former suit, was the equivalent of executing a release to the third party defendants and should not prevent the third party plaintiff from exercising its right of contribution.

It has been held that a settlement entered into between the plaintiff and one joint tort-feasor, whereby the plaintiff executes a covenant not to sue the said tort-feasor, does not extinguish the other joint tort-feasors' right of contribution. See, Gray v. Hartford Acc. & Indemnity Co., supra. A similar statement was made in Giem v. Williams, Administratrix, 215 Ark. 705, 222 S.W.2d 800, wherein the Court at page 711 of 215 Ark., at page 804 of 222 S.W.2d, said:

"When the action was originally filed, Tune was made a defendant along with appellants. Just before the trial, Tune paid appellee $4000 for a covenant not to sue, and, accordingly, was dismissed from the suit without any record objection being made by appellants. * * *

"Appellants had the right, under section 34–1007, Ark.Stats. of 1947, to make Tune a third-party defendant, *even after the appellee had dismissed as to him.*" (Emphasis added.)

In that case, after Tune had secured the covenant not to sue from the plaintiff and had been dismissed from the case, no *common liability* existed between Tune and appellants. Nevertheless, the Court said appellants had the right, under Section 34–1007, Arkansas Statutes 1947, Annotated, to make Tune a third party defendant. By the same token, in the instant case, even though no common liability presently exists between the third party plaintiff and the third party defendants, nevertheless the third party plaintiff has the right under the Arkansas law and under the Federal Rules of Civil Procedure to prosecute his complaint against the third party defendants.

It has further been held that even though the plaintiff's cause of action against one joint tort-feasor is barred by the statute of limitations, the said joint tort-feasor may

still be brought in as a third party defendant by the other joint tort-feasor. In Adam v. Vacquier, D.C.Pa., 48 F.Supp. 275, the Court at page 276 said:

"It is undoubtedly true that under the Pennsylvania Statute of Limitations any right of action by the plaintiff Adam is barred as against the third-party defendant Jansson. But that statute, as we view it, has no effect upon the right of the defendant, as a third-party plaintiff, to recover from the third-party defendant Jansson, either indemnity or contribution. * * *.

"In our opinion, the third-party complaint presents a case under this rule which is not barred by the Pennsylvania Statute of Limitations, because, in our view, the statute does not apply to actions over by a defendant to recover from a person who may be liable to him for all, or a part, of the plaintiff's claim.

"Even if it did apply, we would hold that the statute of limitations was tolled as to the third-party defendant when the suit was brought against the defendant Vacquier. Surely no plaintiff has the right of election of a defendant in an automobile-accident case, where there are, or may be, several parties at fault. The rights and liabilities of the parties are fixed at the moment of the accident. Surely those rights and liabilities may not be altered by a party who merely brings on the record in the first instance only one of the parties who may be liable."

The cases referred to by the Court herein point unerringly to the conclusion that the *common liability* need only exist at the time plaintiff's cause of action accrues and need not exist at the time one of the joint tort-feasors seeks contribution. This principal is expressed in the Commissioner's Note to Section 1 of the Uniform Contribution Among Tortfeasors Act where it is said:

"The common obligation contemplated by this Act is the common liability of the tortfeasors to suffer adverse judgment at the instance of the injured person, whether or not the injured person elects to impose it."

In the instant case the plaintiff, in effect, elected not to impose liability upon the third party defendants, and this action or inaction on the plaintiff's part should not destroy the third party plaintiff's right of contribution.

Therefore, the third party defendants' motion for summary judgment of dismissal of the third party complaint should be denied.

An order in accordance with the above is being entered today.