UNITED STATES FIRE INSURANCE COMPANY v. STATE FARM FIRE AND CASUALTY COMPANY AND NATIONAL INVESTORS FIRE AND CASUALTY INSURANCE COMPANY

5-4924                                     441 S.W. 2d 787

Opinion Delivered June 9, 1969

*Crumpler, O'Connor, Wynne & Mays* for appellant.

*Shackleford & Shackleford* for appellees.

J. FRED JONES, Justice.    This appeal arises from litigation between three insurance companies as to their proportionate liability under separate liability policies issued to three separate individuals.    The facts giving rise to the litigation came about in this manner:

On April 19, 1965, several young people were water skiing behind motor boats on the Ouachita River near Camden, Arkansas.    Walter Horne owned a motor boat and Harry Parker III was driving the boat, with Horne's permission.    Parker was pulling Eric Davis on water skis behind the boat.    In the course of this activity, one Gerald Carney sustained personal injuries and filed suit for damages against Horne, Parker and Davis.    A jury trial resulted in a judgment against Parker and Davis for $40,000 and under instructions on separate interrogatories, the jury found that Parker and Davis were engaged in a joint enterprise and apportioned the negligence between Parker and Davis as 90% to Parker and 10% to Davis.

Horne's boat was covered under a liability policy issued to him by State Farm Fire and Casualty Company with maximum coverage of $25,000 and with the following provision:

"To pay all sums which the insured shall become legally obligated to pay as damages because of bodily injury sustained by other persons and property damages, arising out of the ownership, maintenance or use of owned watercraft, and the company shall defend any suit against the insured alleging such bodily injury or property damage and

seeking damages which are payable under the terms of this policy, even if any of the allegations of the suit are groundless, false or fraudulent; but the company may make such investigation and settlement of any claim or suit as it deems expedient."

Parker was covered under a home owner's liability policy issued by National Investors Fire and Casualty Company with a maximum coverage of $25,000, and Davis was covered by an identical policy issued by United State Fire Insurance Company. The two policies covering Parker and Davis contained identical provisions as follows:

"To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury or property damage . . .

\* \* \*

If the Insured has other insurance against a loss covered by this policy, this Company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the Declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss, provided that with respect to loss arising out of the ownership, maintenance, operation, use, loading or unloading of . . .

(2) watercraft, this insurance shall not apply to the extent that any valid and collectible insurance, whether on a primary, excess or contingent basis, is available to the Insured."

The $40,000 judgment against Parker and Davis was paid by the three insurance companies with State Farm paying the full amount of its primary coverage on the watercraft in the amount of $25,000. United States

Fire paid $4,000 on its secondary liability, or excess coverage, for Davis' 10% negligence and National Investors paid the remaining $11,000 on its secondary liability or excess coverage in satisfaction of the judgment. Upon satisfying the judgment, at the original trial, the insurance companies through their respective insureds, reserved the right by stipulated agreement, to adjust their proportionate liabilities under their policy coverages in subsequent litigation between themselves.

As a result of this agreement, United States Fire instituted the present litigation by complaint against State Farm and National Investors setting out the above facts and alleging as follows:

"[T]hat the coverage available to the said Harry Parker III, under the foregoing provision was excess to that of the aforementioned Horne Policy; that the defendant, National Investors Fire and Casualty Company, is liable for contribution under the Judgment described above to the extent of ninety per cent (90%) of any amount remaining on said Judgment in excess of the coverage provided by said Horne Policy, or the sum of $13,500.00.

\* \* \*

[T]hat the coverage available to the said Eric Davis under the foregoing provision was excess to that of the aforementioned Horne Policy; that the plaintiff is liable for contribution under the Judgment described above, to the extent of ten per cent (10%) of any amount remaining on said Judgment in excess of the coverage provided by said Horne Policy, or the sum of $1,500.00;

That plaintiff should be given judgment of and from the defendant, National Investors Fire and Casualty Insurance Company, for the sum of $2,-500.00 paid by it in contribution upon satisfaction

of said judgment in excess of that required under the terms of said policies and Judgment; that plaintiff should also be given judgment of and from said defendant for 12% penalty on said $2,500.00, together with a reasonable attorney fee;

That under the terms of the Horne Policy, the defendant, State Farm Fire and Casualty Company, was required to provide the said Eric Davis with a defense to said suit, and to pay all costs of said suit adjudged against Eric Davis; that the said defendant failed to offer or provide Eric Davis with a defense, and this plaintiff was required to expend the sum of $2,981.38 to provide Eric Davis with such defense, and also contributed the sum of $64.49 toward payment of the court costs adjudged against the said Harry Parker III, and Eric Davis; that plaintiff should also be given judgment of and from the defendant, State Farm Fire and Casualty Company, in the amount of $3,045.87 for reimbursement of said costs of defense and court costs, together with a penalty of 12% of said sum and a reasonable attorney fee.''

United States Fire prayed judgment against National Investors for $2,500, together with penalty and attorney's fee. United States also prayed judgment against State Farm for $3,045.87, together with penalty and attorney's fee.

State Farm answered admitting coverage on the boat to the extent of $25,000 which amount had been paid toward satisfaction of the $40,000 judgment. State Farm denied that it had failed to perform its full duties under its contract and that if it had any duty to provide defense counsel for Davis, he waived such right by not requesting State Farm to defend him and is now estopped to assert such claim.

National Investors answered by general denial and counterclaim against United States Fire for $3,500 con-

tending that Parker and Davis were equally liable for the judgment in excess of the $25,000 State Farm had paid, and that National Investors had overpaid its proportionate liability in the amount of $3,500. A jury was waived and the trial court entered judgment as follows:

"IT IS, THEREFORE, CONSIDERED, ORDERED AND ADJUDGED by the court that the complaint of the plaintiff be and the same is hereby dismissed with prejudice and the defendants are entitled to recover of and from the plaintiff their costs herein expended; and

IT IS FURTHER CONSIDERED, ORDERED AND ADJUDGED by the court that the defendant, National Investors Fire and Casualty Insurance Company, do have and recover of and from the plaintiff, United States Fire Insurance Company, the sum of $3,500 together with interest at the rate of 6% per annum until paid."

United States Fire has appealed and relies on the following points for reversal:

"The Uniform Contribution Among Tort-Feasors Act applies to joint tort-feasors who are joint adventurers.

Appellant as an excess liability insurer, is entitled to contribution from appellee, National Investors, another excess insurer, in proportion to the relative degrees of fault of the respective insured.

As an excess liability insurer appellant is entitled to recover costs of defense of its insured from State Farm the primary carrier."

The appellant contends that Parker and Davis were joint tort-feasors and that the Uniform Contribution Among Tort-Feasors Act (Ark. Stat. Ann. § 34-1001 et seq [Repl. 1962]) applies to them even though they may have also been joint adventurers. The appellant con-

tends that it had paid for Davis more than his pro rata share of the loss and is entitled to contribution from Parker.

The appellee National Investors states its position, as well as that of the appellant, in its brief as follows:

"The arguments advanced by the appellant in its brief ignored the real issue before the Court. We are here concerned with relative rights between Davis and Parker. The claims of U. S. Fire cannot exceed the rights of Davis against Parker, and, likewise, the claims of National Investors against U. S. Fire cannot exceed those of Parker against Davis.

The most determinative factor to resolve this issue is the finding by the jury that Parker and Davis were engaged in a joint enterprise at the time of the occurrence. Thus, the rights as between them is determined from this relationship.

* * * [A]ppellant attempts to apply the contribution theory based upon the percentage of negligence attributable to each Davis and Parker. These terms are used where separate and distinct tortious acts, committed by different persons, unite and culminate in injurious results. It is a matter which goes to liability as between the injured party and the tortfeasors, not as to the rights between the tortfeasors."

The pertinent provisions of the Contribution Among Tortfeasors Act are as follows:

"§34-1001. For the purpose of this act ... the term 'joint tortfeasors' means two [2] or more persons jointly or severally liable in tort for the same injury to person or property, whether or not judgment has been recovered against all or some of them.

§ 34-1002. (1) The right of contribution exists among joint tortfeasors.

(2) A joint tortfeasor is not entitled to a money judgment for contribution until he has by payment discharged the common liability or has paid more than his pro rata share thereof.

(3) A joint tortfeasor who enters into a settlement with the injured person is not entitled to recover contribution from another joint tortfeasor whose liability to the injured person is not extinguished by the settlement.

(4) When there is such a disproportion of fault among joint tortfeasors as to render inequitable an equal distribution among them of the common liability by contribution, the relative degrees of fault of the joint tortfeasors shall be considered in determining their pro rata shares solely for the purpose of determining their rights of contribution among themselves, each remaining severally liable to the injured person for the whole injury as at common law.

§ 34-1006. This act [§§ 34-1001—34-1009] does not impair any right of indemnity under existing law.

§ 34-1007 (5). As among joint tortfeasors against whom a judgment has been entered in a single action, the provisions of section 2, subsection (4) [§ 34-1002] of this act apply only if the issue of proportionate fault is litigated between them by cross-complaint in that action.''

The appellant has cited numerous cases recognizing the right to contribution between joint tort-feasors and recognizing that an insurer of a tort-feasor is entitled to seek contribution by subrogation from another tort-feasor or his insurer.

The appellees have cited numerous cases holding that the negligence of each member of a joint venture is imputable to the other and each is liable for one hundred per cent of the damages caused thereby and entitled to equal contribution from each other.

None of the cases cited reach the exact question presented here. The appellant contends that based on its 10% negligence as related to the entire judgment of $40,000, it paid more than its proportionate share of the remaining $15,000 for which it and the appellee, National Investors, were liable in excess of the primary liability of $25,000 paid by State Farm.

The appellee, National Investors, contends that it has paid more than its proportionate share of the excess by its payment of the $11,000. It contends that since the jury found that its insured Parker and the appellant's insured Davis were engaged in a joint adventure, their respective negligence was imputed to each other and that each of them, as between themselves, would be liable for 50% of the $15,000 excess coverage. The appellee relies on the jury finding of joint enterprise, but overlooks the significance of the jury's allocation of the negligence as between the joint tort-feasors.

The appellees cite the case of *Shultz* v. *Young*, 205 Ark. 533, 169 S.W. 2d 648, for the proposition of why apportionment should not be allowed under the Contribution Act, and the appellees cite a quote in that case from the National Conference of Commissioners on Uniform State Laws, as follows:

> "The apportionment device is intended to work as follows: If the evidence indicates that there is a disproportion of fault as among the tortfeasors, the court shall instruct the jury that if it finds the tortfeasors to have been negligent, they shall also fix their relative degrees of fault. Thus if the

court believes that an apportionment of fault is inappropriate in a particular case, none will be made . . ."

The Commissioners' note continues as follows:

"Naturally, a court trying a case without a jury will itself make the apportionment of fault when appropriate. Under the English tort contribution act the court always makes the apportionment; but the draftsmen feel that in the United States this had best be left to a jury within the ordinary power of a court to keep the issue of negligence from a jury when the evidence indicates that submission thereto would not be warranted."

The *Shultz* case was an action for damages against two defendants for an assault upon the plaintiff. Quoting from the opinion in that case:

"The court charged the jury that there might be a recovery against either or both appellants, and the jury was further told that the damages might be apportioned between appellants. The instructions also defined the conditions under which exemplary damages might be assessed. A verdict was returned against Shultz for $2,000 and a separate verdict was returned against Myrtle Liberto for $500, and from the judgments rendered upon these verdicts is this appeal."

On appeal in the *Shultz* case, the appellants contended that as appellee was injured through the concurring willful acts of appellants, she cannot have satisfaction in a sum exceeding the smallest verdict returned against either of the tort-feasors, this upon the theory that damages for a joint tort must be assessed in a single sum, and the recovery of damages cannot be in excess of the smallest amount awarded against any one of the tort-

feasors. The appellants relied on the case of *Southwestern Gas & El. Co.* v. *Godfrey,* 178 Ark. 103, 10 S.W. 2d 894, and other cases cited.

In sustaining the judgments, this court said:

"These cases sustain this [appellants'] contention, but, subsequent to the rendition of those opinions, act 315 of the Acts of 1941, p. 788, was enacted. This is an act entitled: 'An act concerning contribution among tort-feasors, release of tort-feasors, procedure enabling recovery of contribution, and making uniform the law with reference thereto.'

\* \* \*

The testimony is sufficient to sustain the verdicts, and the jury had the power to apportion the damages. As no error appears, the judgments must be affirmed, and it is so ordered."

Prosser on Torts, Contribution, p. 278, § 47, par. 8, 3rd ed. says:

"Normally the apportionment of liability effected by contribution is on the basis that 'equality is equity,' which means that each tortfeasor is required ultimately to pay his pro rata share, arrived at by dividing the damages by the number of tortfeasors. In some instances, as where the owner and the driver of a car are joined as defendants, equity may require treating the two together as liable for a single share, or that the share of a tortfeasor who is insolvent or absent from the jurisdiction be borne by the others. *In some jurisdictions, however, either by express provision of statute or by interpretation of it, the distribution of the liability is in proportion to the comparative fault of the defendants.*" (Emphasis supplied.)

Under the italicized sentence of the above paragraph, Prosser cites *Little* v. *Miles,* 213 Ark. 725, 212

S.W. 2d 935, as falling within this rule. The *Miles* case followed *Shultz* v. *Young,* supra, and in both cases jury verdicts apportioning the liability between joint tort-feasors were permitted to stand under the provision of the contribution among joint tort-feasor act providing that "When there is such a disproportion of fault among joint tort-feasors as to render inequitable an equal distribution among them of the common liability by contribution, the relative degrees of fault of the joint tort-feasors shall be considered in determining their *pro rata* share."

As pointed out by Prosser "there is an important distinction between contribution, which distributes the loss among the tort-feasors by requiring each to pay his proportionate share, and indemnity which shifts the entire loss from one tort-feasor who has been compelled to pay it to the shoulders of another who should bear it instead." Contribution, and not indemnity, is involved in the case at bar.

The appellant, as well as the appellee National Investors, agreed by contract to pay what their respective insureds were legally obligated to pay. We can see no point in submitting the comparative negligence as between the two tort-feasors to the jury except in aid of an equitable distribution of the liability as between the two tort-feasors, and in arriving at their pro rata share of the loss for determining their rights of contribution among themselves.

As stated by Dr. Robert A. Leflar in footnote 28 to his article "Contribution and Indemnity Between Tort-Feasors," U. Penn. L. Rev., vol. 81 (1932-33), p. 136: "Law courts freely recognize the equitable origin and nature of the remedy of contribution."

We agree with the appellant that the Uniform Contribution Among Tortfeasors Act applies to joint tort-feasors who are joint adventurers. If it were other-

wise, the legislature would have surely excepted joint adventurers from the provisions of Ark. Stat. Ann. § 34-1002 (4) (Repl. 1962).

We hold that under the jury verdict, *as between Parker and Davis,* Parker was legally obligated to pay 90% of the excess amount of $15,000, amounting to $13,-500; and that Davis was legally obligated to pay 10% of the excess amount of $15,000, amounting to $1,500, and that the appellant and the appellee National Investors contracted to pay these amounts. We conclude that the appellant has paid more than its pro rata share of the $15,000 and is entitled to recover from the appellee National Investors the excess paid in the amount of $2,500. We are of the opinion that the trial court erred in dismissing appellant's complaint and entering judgment for the appellee National Investors Fire Insurance Company.

As to appellant's third point, we agree with the appellees and the trial court. Each of the parties to this lawsuit agreed to defend the suits against their respective insureds. The appellant did defend its insured under its contract and cannot now render its account for services rendered to the appellee State Farm, who may have also been obligated to defend Davis under its contract with Horne if Davis was using the boat within the meaning of the policy. Neither Davis nor the appellant requested State Farm to provide a defense for Davis and State Farm was under no obligation to force its services upon Davis to the exclusion of Davis' own insurance carrier who is the appellant in this case. Davis might have even considered that there would arise a conflict of interest between himself and his codefendants and certainly he had a right to call on his own insurance carrier for his defense.

The judgment of the trial court is reversed as to the appellant and the appellee National Investors Fire Insurance Company, and is remanded for entry of judg-

1282

ment consistent with this opinion. The judgment is affirmed as between the appellant and the appellee State Farm Fire and Casualty Company.